536 So.2d 1196 (1989)
Peter McCarthy, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0443.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
Jerold H. Reichler, North Miami Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Peter McCarthy, appealed from an order of probation entered upon a nolo contendere plea after denial of appellant's motion to suppress.
The essential facts presented at the suppression hearing were that the arresting officer, while on routine patrol around 10:00 p.m. in Davie, received an anonymous tip that a dope house had opened in a particular apartment complex. The officer went to the complex and set up surveillance, during which time he observed a young black male sitting across from one of the apartments. Later, he saw a vehicle pull into the parking lot. The black male driver, appellant, walked from his car toward the young black male. The young black male got up and met appellant, they spoke briefly, and went inside the apartment under surveillance.
The officer then started walking toward the apartment. Some thirty seconds later, appellant came out of the apartment facing away from the officer and talking to the young black male. Upon seeing the officer, the young black male slammed the door shut and remained inside the apartment. Appellant, however, walked quickly away from the apartment. At this point, the officer called to appellant and asked him to stop and come over to where he was *1197 standing. Appellant continued to walk away until the officer made a second, louder request for him to stop. Appellant then turned around and started walking toward the officer.
The officer testified that, as appellant was walking toward him, appellant was holding his elbow and hand close to his hip and he became concerned that appellant may have a gun. So the officer asked appellant for identification and asked him "to pat himself down." As appellant was patting himself down, the officer grabbed his right elbow, lifted up his shirt and discovered a gun, the butt of which he says he noticed sticking out from under appellant's shirt.
Appellant was charged with carrying a concealed firearm. When the trial court denied his motion to suppress the firearm, appellant pled nolo and was placed on probation.
The issue here is whether the officer had a founded suspicion to stop appellant in the first instance. We hold he did not.
A founded suspicion, sufficient to justify a stop is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. "Mere" or "bare" suspicion, on the other hand, cannot support detention. Mere suspicion is no better than random selection, sheer guesswork, or hunch, and has no objective justification. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Perhaps it is helpful to consider what has been held not to be "founded suspicion." In Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988), it was held that mere presence in a high crime area, running away from police in a high crime area, or merely talking to a drug dealer does not raise a founded suspicion of criminal activity. In Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988), appellant was observed sitting on a porch with two known drug dealers in an area known for street level sales of cocaine. Appellant walked toward a vehicle, then back to the porch and then again back to the vehicle. She entered the back seat of the vehicle, which started to leave when the officer approached. The court held these known facts and observations did not measure up to a founded suspicion.
After the officer had hailed appellant over to where he was located, the officer may have had a founded suspicion based upon his observations, i.e., the butt of a gun under appellant's shirt and his apparent attempt to hide something with his hand and elbow. However, the stop took place prior to these observations and relies for its validity solely upon the anonymous tip and what the officer observed before stopping appellant. The factual foundation therefor was inadequate and the motion to suppress should have been granted.
Accordingly, the judgment and sentence appealed from is reversed.
HERSEY, C.J., and ANSTEAD, J., concur.