556 So.2d 450 (1990)
Frank ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2963.
District Court of Appeal of Florida, First District.
January 26, 1990.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Cynthia Shaw, Asst. Atty. Gen., Tallahassee, for appellee.
MINER, Judge.
This is a timely appeal from a conviction and sentence following the trial court's denial of defendant/appellant's motion to suppress. Defendant argues here as he did below (1) that the police were without probable cause to arrest him on a narcotics charge so that a search of his person could be justified as incident to the arrest and (2) that the search of his person was not incident to his arrest for trespassing. He thus concludes that it was error for the trial court to deny his motion to suppress. We find merit in his argument and reverse.
On February 12, 1988, a two-count information was filed charging Robinson with a third degree felony for possession of crack cocaine, and misdemeanor possession of drug paraphernalia.[1] On September 2, *451 1988, he filed a motion to suppress the crack cocaine that was seized in an allegedly illegal search of his person. At a hearing on Robinson's suppression motion, Officer Deborah McDaris of the Tallahassee Police Department testified that she received a radio dispatch at 1:50 on the afternoon of January 30, 1988. She stated:
The tip that we got, we were dispatched by regular radio dispatch. They stated that the complainant had said that a black male, approximately 40 years of age, wearing a brown jacket and green army pants, was selling crack cocaine near the chapel in the 400 block of West Georgia Street.
The chapel was a vacant building that was posted no trespassing. There had been a problem with narcotics use and sales in the area.
Officer McDaris testified that she arrived at the scene within five minutes of the radio dispatch. Upon arrival, she observed a group of people hanging around a wall near the chapel; one person in the group fit the description "very accurately". Appellant began walking away as Officer McDaris approached, but stopped when Officer Moody approached from the other direction. Officer McDaris made first contact with Robinson and ascertained that he was 44 years old; this matched the informant's description. Although trespassing was the only criminal activity observed, the police proceeded to conduct a search of the appellant. When Officer McDaris was asked why she didn't request appellant's consent to search, she responded:
I didn't feel that I needed to. I had received such an accurate description. The area was known for narcotics sales. There's no reason for anyone to have been there. I have spent hours on surveillance of that area. No person would have been there that, you know, was just  I can't think of any reason for someone to be there at all.
Appellant was arrested after the search produced a small rock of crack cocaine and a single-edged razor blade, which Officer McDaris testified is normally used to cut rocks of crack cocaine.
On cross examination, Officer McDaris stated that she did not approach any other person in the group for trespassing and further that she had no reason to believe that Robinson was armed.
Officer John Moody testified that he received the radio dispatch and arrived at the scene within five minutes. He had made numerous arrests for crack sales in the same location. He stated that he approached appellant, informed him of the complaint and told him that there was probable cause to conduct a search. When the search produced one small rock of crack cocaine, appellant was arrested for possession of cocaine. When asked why no arrest was made for trespassing, Officer Moody explained:
Our procedure on arresting for trespassing on businesses when they're not open is if the people that own it or manage it have a letter on file at the police department, they will write a letter requesting that anybody not authorized to be there be arrested. We will first give warnings and then arrest them. Although it was posted, we did not at that time have a letter on file from Inspired Ministries.
Following argument of counsel, the trial court denied the motion to suppress, after which a plea of no contest was entered.[2] On November 15 appellant was sentenced to 75 days in jail and 30 months on probation. This appeal then ensued.
Appellant first points out that both Officer McDaris and Officer Moody admitted *452 that they relied solely on the information contained in the radio dispatch for finding probable cause. He argues that the tip upon which the dispatch was based was from an unknown source and that the only details offered related to his clothing and location. In short, he maintains that the officers observed nothing to corroborate the incriminating portion of the tip. Under these facts, appellant argues, the police did not have probable cause to make an arrest nor did they possess even a reasonable suspicion necessary to justify an investigatory stop.
The state responds that the officers had probable cause to arrest the appellant on a narcotics violation because the anonymous tip contained a detailed description of the individual who was selling drugs. When they arrived on the scene they observed a person matching that description and arrested him. The state asserts further that since Officers McDaris and Moody had probable cause to make an arrest for trespassing, the search of Robinson's person was valid pursuant to that probable cause. Citing to Gasset v. State, 490 So.2d 97 (Fla. 3d DCA 1986), the state maintains that the fact that no arrest was made for trespassing is inconsequential because the propriety of an arrest does not turn on the charges upon which the arrest was effected.
Examining first appellant's contention that no probable cause existed to arrest him on a narcotics charge, we observe that the probable cause standard for a law enforcement officer to make a legal arrest is whether the officer has reasonable grounds to believe the person has committed a felony. We note also that the standard of conclusiveness and probability is less than that required to support a conviction. Blanco v. State, 452 So.2d 520, 523 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). In City of Jacksonville v. Alexander, 487 So.2d 1144, 1146 (Fla. 1st DCA 1986), this court articulated the probable cause standard as follows:
Probable cause exists where the facts and circumstances, as analyzed from the officer's knowledge, special training and practical experience, and of which he has reasonable trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed.
We are required to view the evidence in a light most favorable to sustaining the trial court's ruling. McNamara v. State, 357 So.2d 410, 412 (Fla. 1978). When so viewed, the basis for probable cause includes the anonymous tip and appellant's presence in an area known for drug activity. We believe the appellant correctly points out that this was insufficient to meet even the lesser standard of "reasonable suspicion" necessary to justify an investigatory stop. The police can make a stop based upon an anonymous tip if the tip is sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself. Hetland v. State, 387 So.2d 963 (Fla. 1980). In the instant case, the tip itself offered nothing more than innocent details of identification that could have been provided by any pilgrim on the roadway. The unknown informant did not say that he or she witnessed a drug transaction or that money or drugs were seen. The only "surrounding circumstance" mentioned by the police as being corroborative was appellant's presence in an area where there had been problems with drug sales and usage. Although there was also some suggestion that appellant attempted to evade the police by walking from the scene, it is well established that even running away in a high crime area is an insufficient foundation for reasonable suspicion. Daniels v. State, 543 So.2d 363, 365 (Fla. 1st DCA 1989).
Turning now to the state's contention that the search in question was incident to an arrest for trespassing, we recall that the police testified that appellant was not stopped or arrested for trespassing. Rather, the officers searched and arrested appellant based upon what they believed to be probable cause that appellant had committed some drug offense. Had they chosen to act based upon appellant's trespassing, they should have stopped him to ascertain *453 his identity and the circumstances surrounding his presence. See Robinson v. State, 551 So.2d 1240 (Fla. 1st DCA 1989); State v. McCormack, 517 So.2d 73, 75 (Fla. 3d DCA 1987).
We are not persuaded by the state's argument that since there was probable cause to arrest on a trespass charge, the arrest and search on drug charges is permissible. In this regard we find the state's reliance on Gasset v. State, supra, misplaced. In Gasset, the police observed the defendant make an erratic turn with his vehicle. When they pursued, the defendant reached speeds of 80 miles per hour through residential areas. Never losing sight of the defendant, the police observed him driving his car onto residential property, spinning out of control, and eventually driving onto his own residential property and into his garage where he was arrested for driving under the influence. The defendant sought, unsuccessfully, to suppress his blood-alcohol level which was obtained shortly after his arrest. The Third District Court of Appeal denied certiorari, finding that the police had probable cause to arrest on charges of reckless driving and attempting to elude a police officer. The court stated:
The fact that they did not arrest Gasset on these charges is of no moment; the propriety of an arrest does not turn on the charges upon which the arrest was effected. Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981); Chaney v. State, 237 So.2d 281 (Fla. 4th DCA), cert. denied, 242 So.2d 461 (Fla. 1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971). Nor can it turn on the charges ultimately filed.
Id. at 98. Thus, in Gasset, the offenses observed by the police led them into the defendant's garage where an arrest on another charge was made. In the instant case, however, appellant's trespassing did not prompt the police to do anything; all of their actions were based upon the anonymous tip concerning the alleged drug offense. In short, appellant's arrest and search was not "effected" by the trespass.
The premises considered, we hold that the officers here did not have probable cause to arrest the appellant for a drug offense nor was the search incident to an arrest for trespassing. Accordingly, it was error to deny appellant's motion to suppress and this case must be reversed and the defendant discharged.
REVERSED.
SMITH and ZEHMER, JJ., concur.
NOTES
[1] The information and judgment indicate that the crack possession charge was brought under section 893.13(1)(e), Florida Statutes. This statutory citation was apparently a scriveners error in that the referenced section condemns the sale, purchase or possession of a controlled substance within 1,000 feet of a school, and the crime it contemplates is not a third degree felony. Since all the defendant's sentencing forms indicate conviction for a third degree felony, it is clear that he was not convicted of violating this statutory subsection. However, since neither the state nor the defendant complains of this misdescription, we simply bring it to their attention.
[2] Although it does not appear in the record, appellant asserts that he reserved his right to appeal the denial of his motion to suppress. The state does not take issue with this assertion.