591 So.2d 1114 (1992)
Darrell Omar SWANSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3068.
District Court of Appeal of Florida, First District.
January 6, 1992.
*1115 Nancy Daniels, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant challenges the denial of his motion to suppress evidence, asserting that the anonymous telephone tip which resulted in his arrest for possession of a concealed firearm lacked sufficient indicia of reliability to justify the vehicle stop. We reverse and remand with directions.
Evidence at the suppression hearing established that Captain Metz of the Bay County Sheriff's Department received a telephone call from an anonymous male, advising that he had personally observed crack cocaine and firearms in the possession of some black males who occupied a motel room somewhere on the upper floor of a named Panama City Beach motel. The tipster further advised that these persons were driving a small red vehicle with Osceola County license plates, and that a person named Miles Buckles was at the motel, and was involved. Captain Metz said his department had arrested one Michael Buckles on cocaine charges the previous January. Twenty-five minutes after receipt of the anonymous telephone tip, Captain Metz received a call from a Panama City Beach police officer. The officer advised he had received information from the manager of the same motel named by the tipster, that one of his maids had observed rolls of money in a waste basket in one of the rooms. The officer identified the occupants of the motel room as black males, and said a red Nissan with an Osceola County tag was involved.
Captain Metz dispatched two officers to the beach, with directions to locate the red Nissan. The officers located the vehicle parked at the motel as described by the caller. A tag check revealed that the red Nissan was a rental vehicle. The officers maintained a moving surveillance of the vehicle after it left the motel, and subsequently stopped the car at Captain Metz's direction. No drugs were found, but when the back seat passenger exited the vehicle, an officer observed an automatic pistol in the back passenger seat. Another firearm was discovered under the front passenger seat occupied by appellant.
The trial court ascertained that none of the officers involved in the investigation interviewed the maid who reported observing rolls of money in a motel room. Rather, *1116 the information was conveyed to Captain Metz third-hand by the officer who received the information from the motel manager as reported by the maid. The trial court decided to disregard use of that information, because it amounted to hearsay on hearsay. Nevertheless, the trial court denied the motion to suppress, deeming the anonymous tipster's information reliable because gleaned through the tipster's own senses. Appellant pled nolo contendere with express reservation of his right to appeal the denial of his motion to suppress.
The "totality of the circumstances" approach is the test for determining the requisite reasonable suspicion which will support an investigatory stop. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Reasonable suspicion is dependent upon the content of information possessed by the police and upon its degree of reliability, i.e., quantity and quality of information. Both factors are considered when evaluating whether there is reasonable suspicion. Id., 496 U.S. at ___, 110 S.Ct. at 2416, 110 L.Ed.2d at 309.
An investigatory stop "may be based on information obtained from an anonymous tipster if that information appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself." Hetland v. State, 387 So.2d 963 (Fla. 1980), approving and adopting State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979). The reliability of an anonymous tipster's information is evaluated in part on the basis of its specificity, since specific detail carries a strong indication that it is based on the personal observation of the informant. State v. Hetland, 366 So.2d at 839. A concomitant factor in the reliability determination is independent police corroboration of significant aspects of an informant's predictions. Alabama v. White, 496 U.S. at ___, 110 S.Ct. at 2417, 110 L.Ed.2d at 310. In White, the Court found it significant that the informant's tip included not just such easily obtained facts as reporting that a car of a particular description would be parked in a certain area, but also, the informant was able to predict the suspect's future behavior. The Court noted that the ability to predict future behavior demonstrated a familiarity with the suspect's affairs. White, at ___, 110 S.Ct. at 2417, 110 L.Ed.2d at 310. The Court concluded:
Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual's illegal activities. (citation omitted) When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop.
White, at ___, 110 S.Ct. at 2417, 110 L.Ed.2d at 310.
In White, the Supreme Court concluded that the anonymous tipster's ability to predict future behavior, which behavior was subsequently corroborated by police observation, rendered the tipster's information sufficiently reliable to justify the investigatory stop of the suspect's car. Unlike White, the anonymous tip in this case contained no prediction of future behavior. There was nothing in the tip to indicate that there would be contraband in the automobile. Thus, the only information corroborated by police observation prior to the stop of the vehicle, pertained to the black males and the small red automobile with an Osceola County tag parked away from the motel. The suspects had not been described with particularity, beyond designation of race and gender. In other words, the information corroborated by the officers' observations in this case related to easily obtained facts and conditions presumably existing at the time of the informant's call. We conclude that the anonymous tipster's information was insufficient to meet the standard set forth in Alabama v. White.
Accordingly, we reverse the trial court's denial of the motion to suppress, and remand *1117 with directions to discharge appellant.
JOANOS, C.J., ALLEN, J. and WENTWORTH, Senior Judge, concur.