592 So.2d 786 (1992)
Johnny SAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03467.
District Court of Appeal of Florida, Second District.
January 31, 1992.
James Marion Moorman, Public Defender, Bartow, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant, Johnny Sapp, pled nolo contendere to the charge of carrying a concealed firearm, reserving the right to appeal the trial court's denial of his motion to suppress. He contends that an anonymous tip received by police officers did not justify his detention and the search that followed. We find that the officers' independent observations of the appellant failed to corroborate the anonymous tip, and that the tip itself did not exhibit indicia of reliability. Accordingly, we reverse.
At the suppression hearing, Patrolman Bobby Smith of the Lake Wales Police Department testified that he had received an anonymous phone call from a black female. The caller stated that Johnny Sapp and an unknown black male were involved in a drug transaction inside of Webber's Bar. The caller indicated that Sapp was wearing a red tank top shirt. The caller said she could see the individuals passing cocaine between one another. Patrolman Smith and four other officers responded to the bar. Patrolman Smith and another officer went to the back door while the others went to the front. When Patrolman Smith returned to the front of the bar, Sapp had been taken into custody. Patrolman Smith did not observe another black male with Sapp nor did he see him involved in any sort of drug activity. Patrolman Smith further testified that he had received no *787 information that Sapp was carrying a firearm and that he had no reason to believe Sapp was armed and dangerous.
Patrolman Terry Dowdy testified that he accompanied Patrolman Smith to the bar. As Patrolman Smith went around the back, Patrolman Dowdy observed Sapp, with whom he was familiar, walk out of the bar and get onto a bicycle. Sapp was wearing a red tank top. As Sapp started to ride away, Patrolman Dowdy ran after him and grabbed his back waistband. Patrolman Dowdy and another officer placed him up against a wall. The officers asked Sapp his name three times, and each time, Sapp replied, "Leroy." Sapp also reached for his waistband three or four times, and each time, the officers placed his hand back on the wall. Patrolman Dowdy then patted along Sapp's waistband beneath his shirt, felt the butt of a gun, and arrested him. Patrolman Dowdy testified that when he observed Sapp, Sapp was by himself. He did not observe him involved in drug activity, nor did he find drugs in his possession. Patrolman Dowdy testified that he had received no information Sapp was in possession of weapons.
In denying Sapp's motion to suppress, the trial court relied upon Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). We believe White is factually distinguishable. There, an anonymous caller told officers that the defendant would be leaving a particular apartment at a particular time and in a particular car. The caller said the defendant would travel to a certain motel, and would be in possession of an ounce of cocaine inside a brown attache case. The officers went to the apartment complex and observed the defendant leave the apartment and get into the car previously described. The officers followed the defendant as she drove approximately four miles, including several turns, and traveled a direct route to the motel predicted. The defendant was stopped just before she reached the motel. The Supreme Court upheld the subsequent search of the defendant's car under a totality of the circumstances analysis. The Court found it important that the anonymous caller provided details concerning the suspect which related not just to easily obtained facts and conditions existing at the time of the tip, but to future actions not easily predicted. Id., 110 S.Ct. at 2417. The Court noted that anonymous tips, standing alone, generally fail to provide indicia of reliability. The Court concluded, however, that the officers' observations of "significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller." Id.
By contrast, the information provided by the anonymous caller in the instant case consisted only of details of identification and location which could have been obtained by anyone in the bar. There were no predictions of future behavior. The only observations made by the officers which corroborated the anonymous tip were those of dress and location. The anonymous tip, of questionable reliability, and Sapp's presence at the bar where the caller said he would be were the only factors upon which the stop of Sapp was based. Such factors were insufficient to provide a reasonable suspicion to justify the stop. See Robinson v. State, 556 So.2d 450, 452 (Fla. 1st DCA 1990).
Even if the stop could be justified, the subsequent pat-down was improper. Upon their arrival at the bar, the officers made no independent observations which would have provided them with probable cause to believe Sapp was involved in criminal activity. See Cunningham v. State, 591 So.2d 1058 (Fla.2d DCA 1991). Nor does the record support a finding of reasonable belief on the part of the officers to believe Sapp was armed. A pat-down incident to an investigatory stop may be conducted only where the officer reasonably believes the detainee is armed with a dangerous weapon. Lemon v. State, 580 So.2d 292 (Fla.2d DCA 1991). The officers in this case testified that they had no reason to believe Sapp was armed or dangerous. Finally, Sapp's actions in reaching for his waistband did not justify the pat-down where he acted only after the officer had begun the search. See id. at 294.
*788 Accordingly, we reverse the trial court's denial of the motion to suppress, and remand for Sapp to be discharged. Sapp's other issue on appeal is moot in light of our decision.
Reversed.
SCHOONOVER, C.J., and DANAHY, J., concur.