KAHN, Judge.
Appellant Markett Simpkins pled nolo contendere to a charge of possession of cocaine with intent to sell, expressly re *573 serving his right to appeal the trial court’s ruling on his motion to suppress. We reverse.
On October 11, 1990 at about 8:30 p.m., Deputy Sheriff Henry L. Lewis, Jr. was on a routine patrol of the area around Oaks Tavern, an area known for narcotics activity, when an unknown person came up to him and told him that four black males standing around a red car with a T-top were selling crack cocaine outside of the Oaks Tavern. According to the informant, the person holding the crack was wearing blue jeans and a white T-shirt with a picture on it and had the crack in a pill bottle in his left pocket. Based on the informant’s tip and the fact that several minutes prior to the encounter with the informant he had seen a car and individuals meeting the informant’s description at the location that the informant had indicated, Deputy ’Lewis called Officer Gary Willis to accompany him to the Oaks Tavern. When they arrived, the four suspects were still by the car. The officers searched the suspects and found crack cocaine in a pill box in appellant’s pocket.
Appellant filed a motion to suppress the crack cocaine on the ground that the officers had no probable cause or reasonable suspicion of criminal activity to stop and search appellant.
At the hearing, Deputy Lewis admitted that he could not vouch for the informant’s reliability. When asked if he saw any contraband being passed between any people or saw any suspicious activity, Deputy Lewis responded: “No, sir, other than them just being around the car and in the area that I know was dealing drugs.... But as far as watching them actually doing a transaation before we got there, no.” He indicated that the suspects were just stand-. ing around the car and were not violating any laws as far as he could tell.
The trial court found that the officers had a reasonable suspicion or founded suspicion that appellant was engaged in criminal activity and could detain appellant, conduct an investigatory inquiry, and conduct a patdown search based on Officer Lewis’ observations and knowledge of the area, the informant’s tip, and the officer’s subsequent observation of movement by appellant. The court further found that at the point where the bottle was discovered in the patdown search, confirming the earlier information given by the informant, the level of reasonable suspicion was transformed to that of probable cause to conduct a warrantless search of appellant’s person. The court denied the motion to suppress.
We reverse the trial court’s order denying the motion to suppress. The officers’ independent observations of the appellant failed to corroborate the anonymous tip, and the tip itself did not exhibit indicia of reliability. The record contains nothing indicating corroboration of the incriminating portion of the tip. Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990). In Robinson, the court held that even viewing the evidence in a light most favorable to sustaining the trial court’s ruling, the anonymous tip, which offered details as to the suspect’s clothing and his presence in an area known for drug activity, was insufficient to meet even the lesser (when compared with the standard of probable cause) standard of reasonable suspicion necessary to justify an investigatory stop. 556 So.2d at 452; see also Sapp v. State, 592 So.2d 786 (Fla. 2d DCA 1992) (information provided by anonymous caller which consisted of details of identification of participants in drug transaction and location of transaction, was insufficient to provide reasonable suspicion to justify stop where there was no predication of future behavior, the only observations made by officers which corroborated the tip were those of dress and location, and anonymous tip was of questionable reliability). The police can make a stop based upon an anonymous tip if the tip is sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself. Id. While the officer in the present case may have observed the clothing and race of the appellant as reported by the anonymous source, we can discern nothing from the officer’s own observations, the surrounding circumstances, or the nature of the infor *574 mation given in the tip itself, which would legally suffice to justify a stop in this case. Id. at 452. Appellant’s location in a known drug area and his movement away from the police did not justify the stop or the search. See L.P.D. v. State, 551 So.2d 1257 (Fla. 1st 1989) (fact that suspect was in a high drug and crime area is legally insufficient to satisfy the probable cause standard); State v. Gipson, 537 So.2d 1080 (Fla. 1st DCA 1989) (flight in high crime area upon seeing the police does not constitute a founded suspicion sufficient to justify a detention). Accordingly, the trial court’s order denying appellant’s motion to suppress the illegally obtained crack is reversed.
WIGGINTON and MICKLE, JJ., concur.