JOANOS, Chief Judge.
Huey Pierce Oliver pled nolo contendere to dealing in stolen property, reserving the right to appeal the denial of his motion to suppress. He has appealed the denial of that motion, and from the imposition of an habitual offender sentence. We affirm in part, reverse in part, and remand for resen-tencing.
In October 1990, one Thomas Stillman called the police to report that he was then with appellant Oliver, who was in Ft. Walton Beach attempting to sell guns stolen in Texas. Stillman described Oliver as an older white male, wearing a red tank top and blue jeans, and driving a gold 1977 Chrysler automobile with Texas license number 610 RUJ; the guns were in the trunk. Stillman told police that he and Oliver had attempted to sell the guns at numerous bars, and that he could have Oliver at a named location, near a city park, in 30 minutes.
Police officers proceeded to the named location at the named time, where they saw a car exactly matching Stillman’s description and tag number. Officers approached the car and when they saw that the driver matched the informant’s description, ordered him from the car. One officer requested permission to look in the trunk for the allegedly stolen weapons, and Oliver consented, opening the trunk himself. Officers observed several rifles, and when a computer check of the serial number of one of the guns showed that it was stolen in Texas, Oliver was arrested and charged with dealing in stolen property.
Oliver moved to suppress on the ground that there was no founded suspicion for his detention. The trial court denied the motion, finding that, given its detail and subsequent corroboration, the informant’s tip was sufficiently reliable to support the detention. It further found that the search of the car trunk was consensual. Oliver pled nolo contendere to the charge against him, reserving the right to appeal the denial of his motion.
Oliver again argues that the anonymous tip herein was insufficient to provide founded suspicion to detain him. The state responds with State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved 387 So.2d 963 (Fla.1980), in which the court validated a stop based on an anonymous tip specifically describing the suspect and his location which, upon prompt police action, was corroborated in every detail. Oliver counters with Swanson v. State, 591 So.2d 1114 (Fla. 1st DCA 1992), in which the court required that an anonymous informant predict the suspect’s movements, demonstrating familiarity with him; no such requirement was met here.
An anonymous tip can provide the basis for a valid stop when the information given by the informant carries enough indi-cia of reliability, i.e., specific information indicating personal observation by the informant, and prompt police action results in finding an individual in the named location who exactly fits the description. Het-land at 838-839. In Swanson, police received a tip that “black males” in a motel room had cocaine and guns, and that a red car with Osceola County license plates was in the motel parking lot. Police found such a car and later stopped it, finding guns. This court reversed the denial of a motion to suppress, noting that the tip had not placed guns in the car, nor described the suspects with specificity. Rather, it had contained only “easily obtained facts and conditions.”
In this case, the informant identified himself by name, described the car by year, make, model, color, and exact license tag number, and placed stolen guns in the car trunk. He specifically described Oliver by race, sex and clothing, and told the officers that they could find the vehicle and individual at a named location at a named time in the future. This information was corroborated in every respect. We therefore find *386 sufficient “indicia of reliability” to warrant the investigatory stop herein. Hetland; see also State v. Cash, 595 So.2d 279 (Fla. 3d DCA 1992). As for the search following the detention, Oliver does not argue that his consent thereto was involuntary. We affirm the denial of the motion to suppress.
At Oliver’s September 1991 sentencing proceeding, the state sought habitual offender classification based solely on three 1984 and 1985 Arkansas convictions, on which Oliver had been released from prison in 1990. Oliver did not object to the convictions,[1] except to contend that they were so close together in time as to be non-sequential. The court rejected his argument, and sentenced Oliver to 8 years as an habitual offender. The court found only that “he does meet the criteria for classification as an habitual felony offender, and I will so classify him for sentencing purposes.”
Oliver challenges his habitual offender sentence, alleging that the court improperly relied solely on out-of-state convictions. In support of this contention, Oliver cites only case law decided prior to the amendment of section 775.084(l)(a)l. by Ch. 89-280, Laws of Florida, permitting habituali-zation based solely on out-of-state convictions. The state responded by pointing out that Oliver’s authority was outdated and that, under the amended statute, his out-of-state convictions provided a proper basis for habitualization.
Neither party discussed the effect on Oliver’s sentence of Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), approved State v. Johnson, 616 So.2d 1 (Fla.1993). Decided two months after Oliver’s sentencing, Johnson held that, for the period between October 1, 1989 and May 2, 1991, section 775.084, as amended by Ch. 89-280, Laws of Florida, was unconstitutional as violative of the single-subject rule of the Florida Constitution. As noted above, those amendments included the provision under which Oliver was habitualized, i.e., permitting habitualization solely based on out-of-state convictions. Because an unconstitutional statute is void from the time of its enactment, Bell v. State, 585 So.2d 1125 (Fla. 2d DCA 1991), it appeared that Oliver, who committed his crime in October 1990 during the period of unconstitutionality, could not properly have been sentenced as an habitual offender.
This court therefore requested supplemental briefing from the state as to the effect of Johnson on the legality of Oliver’s sentencing, and provided time for a response thereto by Oliver’s counsel. The state’s supplemental brief (which Oliver did not answer) argued that, even though Oliver committed his crime in October 1990 during the period of unconstitutionality, he was properly sentenced as an habitual offender because his sentencing occurred outside that period in September 1991. State v. Johnson, 616 So.2d 1, 3 (Fla.1993) (the re-enactment of Chapter 89-280, effective May 2, 1991, cured the single subject violation as it applied to all defendants sentenced under 775.084 after that date).
The state noted, however, that State v. Johnson was then on rehearing on the issue of defendants such as Oliver, who committed their crimes during the period of unconstitutionality but were sentenced outside that period. The state conceded that, should the Florida Supreme Court hold that such defendants had standing to raise the constitutionality issue, reversal and remand for resentencing would be necessary in this case.
In State v. Johnson, 616 So.2d 1 (Fla.1993), the Supreme Court issued a revised opinion, holding that the May 2, 1991 reenactment cured the single-subject viola *387 tion as it applied to all defendants sentenced under § 775.084 who committed their offenses after that date. Johnson at 4 (emphasis supplied). The court went on to hold that, for those defendants sentenced under § 775.084 who committed their offenses before May 2, 1991, and who were affected by the Ch. 89-280 amendments, re-sentencing would be required. Johnson at 4.
Here, Oliver both committed his offense before May 2, 1991, and was affected by the Ch. 89-280 amendments, that is, he could not have been habitualized in the absence of the amendment authorizing reliance solely on out-of-state convictions. Therefore, based on Johnson and on the state’s concession of error, we reverse the habitual offender sentence imposed herein, and remand for re-sentencing other than as an habitual offender.[2] This appeal is in all other respects affirmed.
ERVIN and WEBSTER, JJ., concur.

. Prior to October 1, 1989, section 775.-084(l)(a)l., Florida Statutes (1988 Supp.) did not permit the classification of a defendant as an habitual offender based solely on out-of-state convictions. However, the statute was amended in Ch. 89-280, Laws of Florida, so that, effective October 1, 1989, a defendant could be so classified if he had previously been convicted of any combination of two or more felonies in this state or other qualified offenses, defined as any offense in violation of the law of another state that was punishable under that law by death or imprisonment exceeding 1 year. Section 775.-084(l)(c), Fla.Stat. (1989). Thus, at the time Oliver was sentenced herein, the state’s reliance solely on out-of-state convictions to support ha-bitualization was not objectionable.

. We are not unmindful that Oliver’s habituali-zation herein was the result of a plea. However, an unconstitutional statute is void from the time of its enactment, Bell, in this case including the provision authorizing reliance solely on out-of-state convictions. Therefore, Oliver could not as a matter of law have been sentenced as an habitual offender. It is well-established that a defendant cannot agree to an illegal sentence as part of a plea bargain. See Freeman v. State, 616 So.2d 155, 156 (Fla. 1st DCA 1993).