W. SHARP, Judge.
Johnson argues on appeal the evidence of drugs found in his car by the police should have been suppressed because they were the product of an illegal detention and search. See Lemon v. State, 580 So.2d 292 (Fla. 2d DCA 1991); Redfin v. State, 453 So.2d 425 (Fla. 5th DCA 1984). We agree and reverse.
Reading this record in the light most favorable to the state as we must do,[1] the following testimony regarding the search was presented. The undercover deputy testified his suspicions were aroused when he saw Johnson, in the late evening, meeting with another person at the trunk of his car. It was parked across parking spaces in the Americana Villa Apartments. The two men were standing close together, trying to conceal whatever they were doing. The deputy could not see anything that happened between them.
Johnson drove across the street and talked briefly with another man outside a pizza parlor. Johnson then drove to the Dunwoody Apartments parking lot and parked his car, as though “returning home.” The undercover deputy, who had followed him, approached Johnson, but first radioed for a backup unit.
Responding to the deputy’s questions, Johnson explained he went to the Americana *227 Villas to visit a friend. He then went to the Pizza Hut to see if a pizza he had ordered was ready. The uniformed deputy arrived and talked with Johnson’s girlfriend who had come out of her apartment to see what was going on. She told the uniformed deputy that the pizza had been delivered before Johnson left the apartment, and she did not know why he had gone to the Americana Villas.
When the undercover officer found out Johnson had lied to him about the pizza, he asked permission to search Johnson’s ear. Johnson refused. The deputy then called for a K-9 unit, and exercised his police power to detain Johnson. The deputy testified “[o]nce I caught him in the he, I would say no, he was not free to leave at that point.”
While lying is morally wrong, it is not a crime unless under oath. Johnson’s behavior, as testified to by the undercover deputy, and the deputy’s lack of any observed possible criminal activity establishes that there was no valid basis for an investigative stop and search.[2] In order to conduct an investigative stop, a deputy must have a founded suspicion that criminal activity has taken place or is ongoing.[3] No such circumstances existed here, based on the undercover deputy’s testimony. Thus, Johnson’s motion to suppress evidence of the drugs found as a result of the detention and search should have been granted.
REVERSED.
COBB J., concurs.
GOSHORN, J., dissents with opinion.

. Trepal v. State, 621 So.2d 1361 (Fla.1993), cert. denied,-U.S.-, 114 S.Ct. 892, 127 L.Ed.2d 85 (1994); McNamara v. State, 357 So.2d 410 (Fla. 1978); Gilbert v. State, 629 So.2d 957 (Fla. 3d DCA 1993); State v. Panzino, 583 So.2d 1059 (Fla. 5th DCA 1991); Velez v. State, 554 So.2d 545 (Fla. 5th DCA 1989), rev. denied, 563 So.2d 635 (Fla.1990).

. Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990).

. § 901.151, Fla.Stat. (1993); State v. Anderson, 591 So.2d 611 (Fla.1992).