644 So.2d 605 (1994)
John Wesley BUTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1478.
District Court of Appeal of Florida, First District.
November 7, 1994.
Nancy A. Daniels, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Thomas Falkinburg and Amelia L. Beisner, Asst. Attys. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges his convictions and sentences for possession of cocaine, carrying a concealed firearm and trafficking in heroin. Because the trial court should have granted the appellant's motion to suppress, we reverse the convictions and sentences for possession of cocaine and trafficking in heroin. We affirm the conviction and sentence for carrying a concealed firearm because the appellant failed to object to the admission of the weapon at trial.
Deputy Robbins and Officer Scott were on duty in the early morning of January 3, 1993, when they received a call from police dispatch advising them of a tip from an anonymous informant that a black male with a gray beard, wearing a black cap, gray pants, and black jacket was riding a bicycle at Grothe and Myrtle, and that he had a gun in the pocket of his jacket. They were further told that the man was possibly selling drugs. Shortly thereafter, the officers observed the appellant coming toward them on a bicycle, and after a brief chase, they detained him. The officers observed a gun in the appellant's pockets and seized it. A search of the appellant's person produced packets of heroin and cocaine.
Prior to trial, the appellant moved to suppress the pistol, heroin and cocaine, arguing *606 that the anonymous tip did not establish reasonable suspicion to justify his detention. Following a hearing, the trial court denied the motion, finding that the description of the appellant and his location had been corroborated by the police, and that the appellant's initial flight from the officers and the presence of the gun in the appellant's pocket gave further indicia of the reliability of the information the officers had received.
At trial, the state moved to admit the pistol into evidence without objection by the appellant. When the state moved to admit the other contraband into evidence, the appellant made a timely objection based on his pre-trial motion to suppress.
An anonymous tip can provide the basis for an investigatory stop when the tip, as corroborated by independent police work, exhibits sufficient indicia of reliability to furnish police with a reasonable suspicion that the defendant is engaged in criminal activity. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). The "totality of the circumstances" test is used to determine the requisite level of suspicion. Id. The reliability of an anonymous tipster's information is evaluated in part on its degree of specificity and in part on the independent corroboration of significant aspects of the informant's predictions. Swanson v. State, 591 So.2d 1114, 1116 (Fla. 1st DCA 1992). We conclude that under the totality of the circumstances, both aspects of reliability are deficient in the present case.
First, "the tip itself offered nothing more than innocent details of identification that could have been provided by any pilgrim on the roadway." Robinson v. State, 556 So.2d 450, 452 (Fla. 1st DCA 1990); see Swanson, 591 So.2d at 1116; Sapp v. State, 592 So.2d 786 (Fla. 2d DCA 1992). The tip contained no predictions regarding the appellant's future movements or activities. See Swanson, 591 So.2d at 1116. Sapp, 592 So.2d at 787; compare White, 496 U.S. at 331, 110 S.Ct. at 2417 ("important was the caller's ability to predict respondent's future behavior, because it demonstrated inside information"); Oliver v. State, 619 So.2d 384 (Fla. 1st DCA 1993) (informant told officers they could find the vehicle and individual at a named location at a named time in the future). And although the tip indicated the suspect might be selling drugs, "[t]he unknown informant did not say that he or she had witnessed a drug transaction or that money or drugs were seen." Robinson, 556 So.2d at 452.
Likewise, the officers' independent investigation added nothing to the reliability of the tip. Deputy Robbins conceded that they stopped the appellant solely based on the information in the tip and that they did not observe the appellant engaged in any illegal, or even suspicious, activity before stopping him. Simpkins v. State, 613 So.2d 572 (Fla. 1st DCA 1993). The officers corroborated only easily obtained facts, such as the appellant's clothing, appearance and location, and failed to corroborate any of the incriminating aspects of the tip prior to the stop. See Id.; Swanson, 591 So.2d at 1116; McCarthy v. State, 536 So.2d 1196 (Fla. 4th DCA 1989). Contrary to the state's argument, the information that the gun could be found in the appellant's pocket does not render the tip reliable where corroboration of that fact did not occur until after the stop. See Id. And finally, contrary to the trial court's expressed reasoning, the fact that the appellant did not stop when first approached by Deputy Robbins did not provide the requisite reasonable suspicion to support the stop. See Simpkins, 613 So.2d at 574; Robinson, 556 So.2d at 452. We therefore conclude that the trial court should have granted the appellant's motion to suppress.
Because the admission of the heroin and cocaine was properly objected to at trial, its erroneous admission requires reversal of the appellant's convictions for possession of cocaine and trafficking in heroin. However, the appellant failed to object to the admission of the pistol at trial, and thus his claim challenging its admission was not preserved for review. See, e.g., Feller v. State, 637 So.2d 911 (Fla. 1994).
Accordingly, we affirm the conviction and sentence for carrying a concealed weapon and reverse the convictions and sentences for possession of cocaine and trafficking in heroin.
*607 WEBSTER, J., concurs.
LAWRENCE, J., concurs and dissents with written opinion.
LAWRENCE, Judge, concurring and dissenting.
I concur with the majority's decision only to the extent that it affirms Butts' conviction for carrying a concealed firearm. I respectfully dissent from the majority holding which vacates Butts' judgments and sentences for trafficking in heroin and possession of cocaine, because the trial judge did not abuse his discretion in finding a valid search. My view is best expressed in a similar case, which found a valid search, by the concurring opinion of Justice England, joined by Justice Sundberg, wherein he said:
Reasonable men could possibly differ as to whether the anonymous tip and surrounding circumstances bore sufficient indicia of reliability to justify Webb's "stop" in this case. The specificity of the information given is important, as are the time and space relationships between the tip and the stop.
Based on testimony at a suppression hearing, the trial judge thought the indicia were reliable and that, I submit, ought to end the matter in this case. The fact that appellate judges think otherwise is irrelevant, for by no stretch of imagination can it be said the trial judge abused his discretion to evaluate the evidence and rule on the reliability of the tip.
State v. Webb, 398 So.2d 820, 826-27 (Fla. 1981).
I would affirm the judgments and sentences for trafficking in heroin and possession of cocaine because of the specificity of the information given, and the close temporal and spatial relationships between the tip and the stop.