PER CURIAM.
We review the trial court’s denial of appellant’s motion to suppress evidence. In the instant case, a juvenile with whom the arrest *214 ing officer had no prior dealings informed the officer that a woman passenger in a car parked nearby had asked him for crack cocaine. The officer found the car with its two female occupants just as the youth had described, but saw no suspicious activity. The officer approached the car and asked the driver for her license and observed that the appellant closed her legs together. Although the officer did not believe the appellant possessed a weapon, he asked her to exit the vehicle anyway and in a subsequent search discovered a crack pipe.
We reverse the trial court’s order denying the motion to suppress. The officer’s independent observations of the appellant did not provide the requisite basis of a reasonable suspicion, and the tip itself did not exhibit indicia of reliability. Simpkins v. State, 613 So.2d 572 (Fla. 1st DCA 1993). In fact, the record contains no corroboration of the incriminating portion of the tip. Id
REVERSED.
ERVIN and MINER, JJ., concur.
BENTON, J., dissents with opinion.