695 So.2d 834 (1997)
Richard Burns ZELINSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04138.
District Court of Appeal of Florida, Second District.
June 18, 1997.
*835 Joseph A. Eustace, Jr. of Anthony J. LaSpada, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Richard Burns Zelinski appeals the trial court's order denying his dispositive motion to suppress evidence. We reverse.
The state charged Zelinski with possession of marijuana and resisting arrest without violence. At the motion to suppress hearing, Officer Cravens testified that he was dispatched to a convenience store/gas station-type business in Plant City because of a reported suspicious person. Upon arrival, Officer Cravens, in uniform, met with the owner of the business, Mr. Siddiqui, who stated that the suspicious person had left. However, Mr. Siddiqui expressed concern over a vehicle that was parked toward the back of the property with its lights off. The vehicle was occupied by several people.
Upon entering the store, Officer Cravens passed Zelinski who was leaving the store. Mr. Siddiqui told Officer Cravens that Zelinski was one of the occupants of the vehicle and that he was trying to buy beer. Officer Cravens believed that Zelinski looked "a little young" to be purchasing beer.
As he left the store, Officer Cravens noticed that Zelinski was a passenger in the front seat of a vehicle which was departing from the store. The vehicle eventually stopped near the gasoline pumps. The reason the vehicle stopped is disputed. Officer Cravens testified that he spoke to the vehicle occupants without ordering the vehicle to stop. Mr. Siddiqui described Officer Cravens as very active, running toward the vehicle in an aggressive manner, saying "[h]old on" or "[s]top." Zelinski testified that Officer Cravens ran toward the moving vehicle waving his hand and telling the occupants to stop.
Both Officer Cravens and Zelinski testified that Officer Cravens asked Zelinski to step out of the vehicle. Zelinski testified that he did not feel free to leave. Officer Cravens then obtained Zelinski's identification, ran a check for warrants, and determined there was an outstanding warrant for Zelinski. Officer Cravens arrested Zelinski based on the warrant. Thereafter, Officer Cravens searched Zelinski's person and discovered marijuana.
In Zelinski's motion to suppress, he alleged that the stop was illegal. The trial court denied Zelinski's motion to suppress, finding that the confrontation between Zelinski and Officer Cravens was a "consensual encounter," rather than a seizure. Zelinski entered a plea of no contest reserving his right to appeal the denial of his motion to suppress. The parties stipulated that the motion to suppress was dispositive of the case, and the trial court so found.
It is not necessary to address the trial court's finding that the initial confrontation between Officer Cravens and Zelinski *836 was a consensual encounter. We conclude that if there was a consensual encounter, it became an investigatory stop at the point where Officer Cravens asked Zelinski to step out of the vehicle. Popple v. State, 626 So.2d 185 (Fla.1993). In Popple, the supreme court stated:
Whether characterized as a request or an order, we conclude that Deputy Wilmoth's direction for Popple to exit his vehicle constituted a show of authority which restrained Popple's freedom of movement because a reasonable person under the circumstances would believe that he should comply.
Therefore, we hold that for Fourth Amendment purposes Popple did not consent to exiting his vehicle, but rather was seized by virtue of submitting to Deputy Wilmoth's show of authority. Because Deputy Wilmoth did not have the reasonable suspicion necessary to authorize an investigatory stop, the initial detention was illegal and the resulting acquisition of the cocaine and drug paraphernalia was the fruit of an unconstitutional seizure.
Id. at 188 (footnote omitted; citations omitted). In order to justify a stop under the Fourth Amendment, there must be a well-founded, articulable suspicion that the person has committed, is committing, or is about to commit a crime. A mere or bare suspicion will not suffice. Id. at 186; Smith v. State, 592 So.2d 1206, 1207 (Fla. 2d DCA 1992).
Officer Cravens did not have the requisite, well-founded suspicion that Zelinski or the automobile's other occupants had committed or were about to commit a crime. Furthermore, the stop was not made pursuant to a valid traffic stop. Therefore, the marijuana obtained was the fruit of an unlawful seizure. Accordingly, we reverse the trial court's order denying the motion to suppress and remand this case to the trial court to grant the motion to suppress.
FRANK, A.C.J., and LAZZARA, J., concur.