696 So.2d 1335 (1997)
Earnest SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3326.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Earnest Scott, Jr. ("Scott"), was charged by information with possession of a controlled substance. Following the trial court's denial of his motion to suppress, Scott entered a "no contest" plea reserving his right to appeal the ruling on his motion to suppress. We hold that it was error to deny Scott's motion to suppress, and reverse with directions that Scott be discharged.
*1336 At the hearing on the motion, the police officers who arrested Scott testified that they were in the northwest section of Fort Pierce when they received a call from the 911 dispatcher informing them that "there was a black male with a blue hat and a blue shirt in the area of North 8th Street and Orange Avenue selling cocaine rock." The officers proceeded to the location and observed Scott wearing a blue hat and blue shirt and standing in front of a store on Orange Avenue. The officers exited from their car, approached Scott, advised him that they had received a call about a man selling cocaine, and told him that he matched the description.
According to the arresting officers, they asked Scott if he minded if the officers searched him and [Scott] kinda just lifted his arms to the side and said, "no, go ahead." They found four cocaine rocks in the brim of Scott's hat. According to the officers, Scott was not under arrest at the time of the search; it was an investigative stop. Following all testimony, the court found that the encounter between the officers and Scott was consensual and that the consent to search was free and voluntary. We disagree, and find that it was closer to an investigatory stop, as defined in Popple v. State, 626 So.2d 185, 186 (Fla.1993)(an investigatory stop involves Fourth Amendment protections and requires that the officer have a well-founded, articulable suspicion of past, present, or imminent criminal activity prior to detaining a citizen. Mere suspicion is not enough to support a stop). See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The case at bar is analogous to Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990). There, the dispatcher stated that "a black male, approximately 40 years of age, wearing a brown jacket and green army pants, was selling crack cocaine near the chapel in the 400 block of West Georgia Street." The officer arrived at the scene and noticed a group of people "hanging around," one of whom fit the description "very accurately." The officer searched the suspect, found cocaine on his person, and arrested him. In reversing the trial court's denial of Robinson's motion to suppress, the First District held that, absent some corroboration in the form of criminal activity, the information was insufficient to justify an investigatory stop of the suspect. Id. at 452. The court held that, when viewed in the light most favorable to sustaining the trial court's denial of Robinson's motion to suppress, the officer's basis for probable cause included only the anonymous tip and appellant's presence in an area known for drug activity, which was "insufficient to meet even the lesser standard of `reasonable suspicion' necessary to justify an investigatory stop." Id. The appellate court reasoned that:
the tip itself offered nothing more than innocent details of identification that could have been provided by any pilgrim on the roadway. The unknown informant did not say that he or she witnessed a drug transaction or that money or drugs were seen. The only "surrounding circumstance" mentioned by the police as being corroborative was appellant's presence in an area where there had been problems with drug sales and usage. Although there was also some suggestion that appellant attempted to evade the police by walking from the scene, it is well established that even running away in a high crime area is an insufficient foundation for reasonable suspicion.
Id. at 452 (citation omitted).
Here, as in Robinson, there was no corroborating activity on the part of Scott to create a founded suspicion of criminal activity. As such, the officers had no basis for making an investigatory stop, and the resultant search was legal only if there was a break in the chain of illegality. In Norman v. State, 379 So.2d 643 (Fla.1980), the supreme court held that a consent to search given after illegal police conduct is presumptively tainted and is deemed involuntary absent "clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action." We find, contrary to the state's argument on appeal, that Scott's consent to search did not vitiate the illegal stop. See, e.g., Turner v. State, 674 So.2d 896 (Fla. 5th DCA 1996); compare State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994), review denied, 654 So.2d 131 (Fla.1995)(holding *1337 that taint of illegal stop may be dissipated when defendant consents to search after being advised of his constitutional right to refuse consent.)
Based on the foregoing, we hold that the cocaine found on Scott was the product of an illegal stop and search, and should have been suppressed. Accordingly, we reverse Scott's conviction and remand with directions that he be discharged.
REVERSE AND REMAND WITH DIRECTIONS.
WARNER and GROSS, JJ., concur.