739 So.2d 1262 (1999)
Christopher TRAVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01959.
District Court of Appeal of Florida, Second District.
August 20, 1999.
*1263 Keith F. Roberts, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Christopher Travers appeals the denial of his dispositive motion to suppress. Because law enforcement officers lacked a founded suspicion to conduct an investigatory stop of Travers, the trial court erred in denying Travers' motion to suppress the evidence found subsequent to the stop. Accordingly, we reverse.
In the course of a "chat room" conversation on the Internet, a Clearwater police detective arranged to meet another chat room participant in order to engage in illegal activity. Other than a screen name, the record contains no evidence as to the identity of the chat room participant. The detective testified that he and the chat room participant agreed to meet at 7:45 that night at a particular church parking lot. The chat room participant described himself as a 26-year-old male with brown hair and his vehicle as a black Ford Taurus.
At 7:30 that evening, the detective parked across the street from the church in an unmarked car. There were cars in the church parking lot and lights on in the church. At 7:45, a blue Buick Skylark pulled into the church parking lot, slowly circled through the parking lot and exited. The detective moved his vehicle to the church parking lot. Five minutes later, the same car pulled into the lot and again drove slowly through the lot and left. The detective pulled up behind the car and observed the driver to be a white male with brown hair who appeared to be in his late 20s or early 30s. The Buick pulled into a gas station and the detective ordered back-up units to stop the car. Travers was the driver of the car. He was interviewed and subsequently arrested.
The sole issue is whether the officers had a well-founded suspicion to conduct an investigatory stop of Travers. A well-founded suspicion is determined from the totality of the circumstances and is more than a mere suspicion of criminal activity. See State v. Simons, 549 So.2d 785, 787 (Fla. 2d DCA 1989). There must be a well-founded, articulable suspicion that the person stopped has committed, is committing, or is about to commit a crime. See Zelinski v. State, 695 So.2d 834, 835 (Fla. 2d DCA 1997). We conclude that there were no specific and articulable facts in this case that reasonably justified the investigatory stop of Travers.
The situation here is best analogized to the anonymous tip cases. All the information on which the detective acted was from the chat room participant, but there is nothing in the record to indicate that the detective's chat room participant was a reliable source of information. "When police act on the information of an informant, the reliability of that information must be established before a citizen can be stopped and frisked." J.L. v. State, 727 So.2d 204, 206 (Fla.1998). J.L. involved a stop of young black men standing at a bus stop based on an anonymous tip that one of them was wearing a plaid shirt and carrying a gun. See 727 So.2d at 205. When the officers arrived at the bus stop, *1264 they observed three black men, one of whom was wearing a plaid shirt. See id. The officers saw no suspicious activity; however, one officer told the male in the plaid shirt, J.L., to raise his hands over his head. See id. The officer frisked J.L. and found a gun in his left pocket. See id.
The Third District reversed the trial court's granting of J.L.'s motion to suppress the gun, finding that the surrounding circumstances sufficiently corroborated the anonymous tip. See id. The Florida Supreme Court reversed, holding that anonymous tips involving only "innocent details," without more, were not sufficient to establish reasonable suspicion to stop and frisk an individual under Terry.[1]See J.L., 727 So.2d at 207-08. The court recognized two specific instances where anonymous tips would be sufficient to establish reasonable suspicion: (1) when the tip provides suspicious details and these suspicious details are verified by law enforcement; and (2) when the tip contains innocent details, which are verified, and law enforcement conducts an independent investigation that reveals suspicious circumstances. See J.L., 727 So.2d at 206-07. "The more difficult case involves those tips which allege criminal conduct, but only describe `innocent details of identification,' for which the details in and of themselves are in no way incriminating or indicative of criminal behavior." J.L., 727 So.2d at 206 (citing Butts v. State, 644 So.2d 605, 606 (Fla. 1st DCA 1994)).
Applying the above, the police lacked a founded suspicion to stop Travers for two reasons. First, the innocent details were only partially verified because the car did not match the description. Second, and more importantly, the police failed to observe any additional suspicious circumstances. In other words, as in Butts, "the officers' independent investigation added nothing to the reliability of the tip." 644 So.2d at 606. The police verified that Travers was a 20 to 30 year-old male driving through a church parking lot on a Wednesday evening when the church lights were on and cars were parked in the lot. There is nothing incriminating or suspicious about these facts. We conclude that the police lacked the well-founded reasonable suspicion for an investigatory stop. "A mere detailed description of a person's clothing and location, by itself, is not enough to sufficiently establish a tip's indicia of reliability." J.L., 727 So.2d at 209.
Under the totality of the circumstances, the police did not have well-founded suspicion to stop and detain Travers. The officers could have engaged in a consensual encounter, but chose otherwise. The trial court should have granted the motion to suppress. We therefore reverse and remand with directions for the trial court to discharge Travers.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).