592 So.2d 785 (1992)
Jerome A. POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00942.
District Court of Appeal of Florida, Second District.
January 31, 1992.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, convicted of possession of cocaine and obstructing an officer, argues that the court should have granted his motion to suppress the cocaine that officers discovered in his pocket during a search of his person. We agree and, accordingly, reverse.
Briefly, two Tampa officers on patrol received a dispatch that there was a fight at a certain location and that one of the individuals was a black male wearing blue jeans and a red shirt with Adidas insignia who had rock cocaine in his front pants pocket. When the officers arrived, they saw appellant wearing the clothes described. They approached him, but he walked away. They told him to stop, but he kept walking. The officers touched him, and he pulled away. He tried to run, but the officers grabbed him, arrested him, patted him down and found cocaine in his pocket.
The officers stopped appellant on the basis of an anonymous tip. In order for an anonymous tip to provide probable cause for an investigative stop, the tip must be corroborated by independent police investigation so as to create a reasonable suspicion that a suspect is engaged in criminal activity. However, in order for a subsequent arrest or search to be valid, there must be independent evidence of criminal activity apart from the otherwise verified anonymous tip. "It is not sufficient merely to corroborate the anonymous information concerning the identity, dress, description, location or even future activity of the suspect... . In addition to independent evidence verifying that type of information, there must also be independent evidence of criminal activity... ." Cunningham v. State, 591 So.2d 1058, (Fla.2d DCA 1991).
Since the officers here did not have any independent indication that appellant was involved in criminal activity apart from the anonymous tip, the arrest and subsequent search of appellant were invalid and the trial court erred in denying appellant's motion to suppress. We, accordingly, reverse and remand.
Although appellant raises two other points on appeal, we decline to reach them in view of our reversal on the first issue.
HALL and PATTERSON, JJ., concur.