595 So.2d 969 (1992)
The STATE of Florida, Appellant,
v.
Douglas DIAZ, Appellee.
No. 90-69.
District Court of Appeal of Florida, Third District.
February 11, 1992.
On Motion for Rehearing March 31, 1992.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Weiner, Robbins, Tunkey & Ross and Benjamin S. Waxman and Frederick S. Robbins, Miami, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Affirmed. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).

ON MOTION FOR REHEARING
PER CURIAM.
On facts stipulated to by the parties, the trial court entered an order granting the defendant's motion to suppress evidence. The State appeals the trial court's finding that information given to police officers by an anonymous informant was insufficient to justify an investigatory stop. The facts as orally agreed to on the record are as follows:
MR. ROBBINS: We have somewhat of a stipulation as to the facts.

*970 THE COURT: All right.
MR. ROBBINS: You want me to do it or you want to do it?
Judge, basically what happened in this particular case, and this is a motion to suppress in the form of a stipulation that Officer, Detective Carrillo received a tip, anonymous tip there was going to be a pickup truck with cocaine in it and Officer Carrillo went to this individual's shop, he sells auto parts, and he went to his shop to wait for the truck to arrive there.
Officer Carrillo was with other officers. He received a call that this particular truck was heading down I think 136 Street heading in a certain direction. So Officer Carrillo left this shopping center and my client, Douglas Diaz, was driving in this particular truck.
Officer Carrillo and his other officers pulled in front of the pickup truck that my client was driving in, blocked him, got out of their car, went up to him and stopped him for the purpose of arresting him and searching the car.
Officer Carrillo would testify that he saw a box inside the car, a brake shoe box, your honor. The only difference is Officer Carrillo says when he got into, got up to the car and looked inside the car, he could see what was inside the box. My client's testimony would be the box was closed. But that is basically the testimony.
It is agreed by the parties that the recent case of Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), which has some factual similarities, is controlling. In that case, the Supreme Court held that an anonymous telephone tip  that a named female suspect would be leaving a particular apartment, at a particular time, in a described automobile, destined for a particular motel, in possession of about an ounce of cocaine inside a brown attache case  exhibited sufficient indicia of reliability to provide reasonable suspicion to make an investigatory stop.
The majority of the White Court, cautioning that it was a "close case", noted that although the tip, standing alone, lacked the necessary indicia of reliability, the circumstances demonstrated that significant aspects of the informant's story were sufficiently corroborated by independent police observations. White, 496 U.S. at ___, 110 S.Ct. at 2414. Essential to the Court's assessment of the anonymous tip, and what emerges as a significant ingredient in the test for tip reliability, is that the informant was able to predict meaningful future behavior through information that could only have come from a special familiarity with the suspect's affairs. White, 496 U.S. at ___, 110 S.Ct. at 2417.
By White standards, the anonymous information furnished to the police  as related in the stipulation  lacked sufficient indicia of reliability to justify a stop and search. State v. Crooks, 483 So.2d 513 (Fla. 4th DCA 1986), relied on by the State, does not require reversal of the trial court's order. In our view, Crooks, a factscant, one-paragraph opinion of a divided court, is overruled by White.
Affirmed.