PER CURIAM.
Police officers received an anonymous tip that between the hours of 9 and 10 A.M., on the morning of December 3, 1991, Prince Adderly and Yolanda Tenie would leave their house in a blue and white Cadillac to transport and sell narcotics. The tipster gave the address of the couple’s residence, the tag number of the Cadillac, and the address of the building to which the drugs were being transported.
After verifying the information regarding the residence and Cadillac, a surveillance team went to the house in the early morning. Just a few minutes after 9 A.M., Hanna drove up, walked to the back of the house where he remained for just two minutes, and then returned to his car and sat for thirty minutes. A police sergeant ordered a stop of Hanna’s vehicle when he left the residence.
As an alternative justification for the stop of the defendant, one of the police officers testified that the defendant failed to make a complete stop at a stop sign after he left the house. Yolanda Tenie and Prince Adderly were also stopped after they left the surveilled house a short time later. Tenie gave permission to search the house wherein small amounts of cocaine and marijuana were discovered. She also told the police that the defendant owned the contraband and that he paid her $500 a week to store the drugs at her house. Hanna was presented with the statements of Tenie. After Miranda warnings were given, he admitted that the drugs were his.
In granting the defendant’s motion to suppress, the trial court ruled that the traffic stop was pretextual and that the detention of the defendant was otherwise illegal. We disagree that the detention was illegal without deciding whether the stop for a minor traffic infraction was valid.
The information provided by the anonymous caller, which included details of identification and a prediction as to meaningful future behavior through information that could only have come from a special familiarity with the suspect’s affairs, was corroborated by the officers’ independent observations and was sufficient to meet the standard of reasonable suspicion to justify an investigatory stop of both vehicles. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); State v. Diaz, 595 So.2d 969 (Fla. 3d DCA 1992).
The information given by Yolanda Tenie, naming the defendant as the owner of the drugs discovered in the residence where she lived, provided sufficient probable cause to arrest the defendant who had been detained, without questioning, for approximately twenty minutes. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Consequently, the confession given by the defendant, after he was given Miranda warnings, was not tainted by an illegal detention or arrest.
The order suppressing the confession is reversed and the cause is remanded for further proceedings.