CAMPBELL, Judge.
Appellant argues that the court erred in denying his motion to suppress. We agree and reverse.
Sheriffs Deputy Veacey received an anonymous telephone tip that a “younger black male,” whose name was Al, would be at a certain location wearing a purple shirt and blue jeans. He would also be driving a yellow Maverick. When Veacey arrived at the location, he saw appellant wearing the described clothing. He also saw the yellow vehicle. As Veacey approached appellant, appellant dropped a quart of beer and fled. Veacey gave chase, then stopped and allowed another officer to chase and apprehend appellant. Appellant was carrying a black case that was opened and found to contain cocaine. Before trial, appellant filed a motion to suppress, which was denied.
We conclude that the motion should have been granted on the basis of Cunningham v. State, 591 So.2d 1058 (Fla. 2d DCA 1991) and Powell v. State, 592 So.2d 785 (Fla. 2d DCA 1992). In Cunningham, we held:
It is not sufficient merely to corroborate the anonymous information concerning the identity, dress, description, location or even future activity of the suspect who is the subject of the anonymous information. In addition to independent evidence verifying that type of information, there must also be independent evidence of criminal activity on the part of the suspect.... There must be independent evidence of criminal activity apart from the otherwise verified anonymous tip to support a search of the described suspect.... Neither did the fact that “Wally” began to flee from the scene give the officers, without more, *1082 authority to search appellant who had done nothing to create in the minds of the officers concern for their safety or evidence that appellant was engaged in criminal activity.
591 So.2d at 1061.
Since the officers here did not have any independent evidence of criminal activity apart from the tip, the subsequent arrest and search were invalid, and the trial court erred in denying appellant’s motion to suppress. Although appellant raises two other issues on appeal, we decline to reach them in view of our reversal on the first issue. We reverse and remand for appropriate proceedings.
FRANK, C.J., and FULMER, J., concur.