PATTERSON, Judge.
Boyd Fuller appeals from his judgment and sentence for trafficking in cocaine and possession of a firearm by a convicted felon. He argues that the trial court should have suppressed the evidence the police found during a stop and search of his vehicle, which resulted from an anonymous tip. We agree and reverse.
Fuller entered a plea of no contest to trafficking in cocaine and possession of a firearm by a convicted felon and reserved his right to appeal the denial of his dispositive motion to suppress evidence. At the suppression hearing, the state stipulated to the facts in Fuller’s motion to suppress.
On April 11, 1994, Detective Dinsmore of the Tampa Police Department received an anonymous call from a female who said that someone named either Boyd or Phillip was packaging cocaine in an apartment at Osborne and 22nd Street. The caller said the person was a black male, 28 years old, 5'7", 180-190 pounds, wearing black shoes, maroon shorts, and a maroon and gold shirt. The caller also reported that the person had a green, four-door, Toyota-type vehicle with tinted windows and mag rims parked at the corner of Osborne and 22nd Street.
The officers went to Osborne and 22nd Street and found a green Mazda parked in *1203 the area. It is unclear from the record whether the green Mazda had tinted windows and mag rims. The officers drove away from the parking lot and parked down the street where they were unable to see the green Mazda. A female approached the officers and indicated that the car was still there. About thirty minutes later, an anonymous caller (who sounded like the first anonymous caller) told the officers that the car was leaving and that the described person and another man were in it. The officers did not see the individuals get into the vehicle, how the individuals were dressed, or if they carried anything to the car. The officers stopped the vehicle, which Fuller was driving, and arrested him for not having a valid driver’s license. A search of the vehicle revealed cocaine and a firearm. At the time of his arrest, Fuller was 34 years old, 5'10", 220 to 233 pounds, and was wearing a green shirt, rust-colored shorts, and black and green shoes.
In denying the motion to suppress, the trial court explained that it ruled in the state’s favor “because it was not one anonymous tip; there were three anonymous tips, each adding something to the other, and therefore I do find that the indicia of reliability was great.”
We first note that the fact that the anonymous tipster contacted the police three times does not increase her credibility. Although the tipster contacted the police once in person, she remained anonymous because she never identified herself. See State v. Evans, 620 So.2d 802 (Fla. 2d DCA 1993). An anonymous tip may furnish reasonable suspicion to justify an investigative stop if independent police investigation corroborates the anonymous information. Cunningham v. State, 591 So.2d 1058, 1060 (Fla. 2d DCA 1991). Here, the tip described a black male, his height, weight, and clothing. The tipster said the man was packaging cocaine in an apartment at Osborne and 22nd Street and that he would be driving a green, Toyota-type vehicle. In her next two contacts with the police, the tipster merely said that the ear was still there and that the car was leaving. The officers never corroborated the information that Fuller had been in an apartment. They did not see Fuller leave an apartment or get into the ear. Nor did they see if he was carrying anything. In fact, once the police stopped Fuller, there were innocent details of the tip that they could not corroborate. Fuller’s height, weight, and clothing did not match the description the tipster gave to the police. The car Fuller was driving was not a Toyota, as described, but a Mazda. The only information the police could corroborate was that a black male was driving a green ear.
Because independent police investigation did not sufficiently corroborate the tip, the police had no reasonable suspicion to stop Fuller. See Cunningham, 591 So.2d at 1060. Evidence obtained from a search must be suppressed if the initial stop or detention was illegal. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Thus, we reverse the denial of Fuller’s dis-positive motion to suppress and remand with instructions that Fuller be discharged.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.