CAMPBELL, Judge.
Appellant challenges the court’s denial of his motion to suppress. Having reviewed the record and the applicable law, we conclude that the court erred in denying the motion to suppress. Accordingly, we reverse.
Officer Camp was investigating an unrelated matter when he was approached by an unknown black male who, in an urgent manner, asked Officer Camp to go investigate two black males who had just conducted a drug transaction while sitting in an old green Ford in front of the tipster’s house. Officer Camp quickly proceeded to the described location; he arrived there thirty seconds later. He saw only one car on the block that met the tipster’s description. As he approached the car from the rear, he observed *193 no drug transaction and no suspicious activity.
Officer Camp approached the driver. His backup officer approached the passenger, appellant. The driver provided identification. Officer Camp could not recall whether he asked appellant for identification. However, both men were asked to exit the vehicle, which they did willingly. After identification was provided, the officers advised the two men that the officers were conducting a narcotics investigation, at which point both men appeared to become nervous, as exhibited by accelerated breathing and heart rate. The two men did nothing else, however. For officer safety, the officers then decided to pat them down. Nothing was found on the driver, but Officer Camp felt something he thought was rock cocaine in appellant’s right front pocket. Knowing it was not a weapon, but believing it to be rock cocaine, Officer Camp removed it from appellant’s pocket.
At the hearing on appellant’s motion to suppress the recovered cocaine, the court concluded that the officers were entitled to search and to remove whatever contraband they found following the protective pat down search. However, it is our conclusion that the officers here did not have the required probable cause to conduct the pat down search with the result that the cocaine was improperly seized and should have been suppressed. Under Lewis v. State, 645 So.2d 1081 (Fla. 2d DCA 1994) and Powell v. State, 592 So.2d 785 (Fla. 2d DCA 1992), while verification of location or described dress will support a stop, a search following an anonymous tip will not be valid unless “there [is] independent evidence of criminal activity apart from the otherwise verified anonymous tip.” Id. Here, there was no other evidence of criminal activity. The officers detected no criminal or suspicious activity as they approached the car and, although both men became nervous at the mention of a narcotics investigation, they did nothing other than to breathe heavily. There were no accompanying actions described that should have led the officers to fear for their safety. Compare State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991). The pat down search was, therefore, invalid, and the cocaine seized should have been suppressed.
Having concluded that the officers had no valid reason to search, we reverse the court’s denial of the motion to suppress.
DANAHY, A.C.J., and SCHOONOVER, J., concur.