FLETCHER, Judge.
The State appeals the trial court’s order suppressing evidence (a firearm) seized from J.L. prior to his arrest. We review the determination de novo, Ornelas v. United States, — U.S. -, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), and, finding that the seizure was based upon reasonable suspicion of criminal activity, reverse.
The police received an anonymous complaint that a concealed weapon violation was taking place. The complainant told the police that the person who had the gun was one of several young black males standing by a bus stop in front of a pawnshop at a specific location. The complainant gave a description of each of them, advising that the male with the gun was wearing a plaid-looking shirt.
The description and location information given by the anonymous complainant was verified when the police arrived at the described location only six minutes after receiving the complaint. As the police approached the bus stop they saw three young black males as described, one of whom (J.L.) was wearing a plaid-looking shirt. One officer immediately approached J.L., asked him to put his hands up on the bus stop, and began frisking him, at which time she saw the butt of a gun protruding from his left pocket. The officer removed the gun from the pocket and, together with another officer, took J.L. into custody.
The State contends that once the police corroborated the anonymous complainant’s information describing the persons and location, there was a reasonable suspicion on the part of the police officers that J.L. was carrying a concealed weapon and thus the seizure was valid. J.L. contends, on the other hand, that the trial court correctly suppressed the gun obtained from him by the warrantless search as the anonymous complaint was uncorroborated and he, J.L., had displayed no suspicious activity which might have supported the anonymous complaint.
We conclude that the police officers were justified in having a reasonable suspicion that J.L. was committing a crime — carrying a concealed weapon — and thus in stopping and frisking him. A valid stop and frisk may be based on information obtained from an anonymous complainant (or “tipster”) if that information appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself. Hetland v. State, 387 So.2d 963 (Fla. 1980). Here, all of the complainant’s information was verified by the police within minutes. The only item remaining to be verified *1118 was the existence of a weapon concealed in J.L.’s pocket, and, obviously, that could not be verified by mere observation. The police officers thus found themselves in a situation in which they had a reasonable suspicion— based on the extent of the verification — that J.L. was carrying a concealed weapon and they had to take some action, but in doing so, they also had to secure their own safety. This the officer did by the warrantless frisk. As noted by the United States Court of Appeals, Second Circuit, United States v. Bold, 19 F.3d 99 (2d Cir.1994), cert. denied, — U.S. -, 116 S.Ct. 2511, 135 L.Ed.2d 200 (1996), where a confirmed tip concerns an individual with a gun, the officer is faced with the choice of stopping and searching the individual, or waiting until the individual brandishes or uses the gun and the latter choice is unacceptable, thus leaving the stop and frisk as the only reasonable choice. We agree with that analysis.
As the officer had a reasonable suspicion of criminal activity that made valid the warrant-less stop and frisk of J.L., the trial court’s order granting the motion to suppress evidence is reversed and the cause remanded for further proceedings.
COPE, J., concurs.