SORONDO, Judge.
L.M., a juvenile, appeals to this Court the lower court’s order denying his motion to suppress physical evidence. Pursuant to a plea agreement L.M. entered a plea of Nolo Contendere, specifically reserving his right to appeal the dispositive motion to suppress.
The State filed a petition for delinquency, charging L.M. with carrying a concealed weapon in violation of § 790.01, Florida Statutes (1993). L.M. filed a motion to suppress physical evidence (a knife), asserting that the police lacked a reasonable suspicion to detain him and that the subsequent search of his person was consequently unlawful. An evi-dentiary hearing was conducted where Officer Harman was the sole witness.
Officer Harman testified that on May 8, 1996, around 7:00 p.m., she and Officer Roberts were in a marked police car on a routine area patrol when they received a radio dispatch regarding a theft in progress. The dispatch gave information from an anonymous tip, indicating that 2 African-American youths were burglarizing a car in a fenced-in church parking lot 2 blocks from Harman’s location. The tip contained a clothing description of the youths. Harman responded within 1 minute of the call. She turned a corner and immediately observed the youths, wearing clothing fitting the BOLO description, walking on the sidewalk adjacent to the church. Harman testified that the youths were not involved in any criminal activity. As Harman approached, L.M. and his companion changed the direction in which they were walking.
Harman drove up to the youths and detained them by parking her car in such a way as to block them. Harman instructed the youths to put their hands on the police car’s hood. While Harmon was standing next to the young men, L.M. placed his right hand into his waistband area. Harman instructed L.M. to keep his hands on the police car and conducted a pat-down, during which she felt a hard, broad object. She testified her “first instinct” was that the object was a gun. She removed the object from L.M.’s waistband and discovered it was a kitchen knife. At this point, other officers arrived and arrested L.M.
It is undisputed that in order to lawfully detain L.M. the police needed a reasonable suspicion that he had committed, was committing or was about to commit a crime. Florida v. Royer, 460 U.S. 491, 108 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Popple v. State, 626 So.2d 185 (Fla.1993).
The law is clear that under the appropriate circumstances an anonymous tip can give rise to a reasonable suspicion sufficient to justify the temporary detention of a citizen. In order for this to happen the tip must be corroborated by independent police investigation. Fuller v. State, 658 So.2d 1202 (Fla. 2d DCA 1995); State v. Diaz, 595 So.2d 969 (Fla. 3d DCA 1992); Powell v. State, 592 So.2d 785 (Fla. 2d DCA 1992); State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), opinion adopted, 387 So.2d 963 (Fla.1980). L.M. suggests that the anonymous tip in this case lacked any such police corroboration. We agree.
The present case is most analogous to the case of Sapp v. State, 592 So.2d 786 (Fla. 2d DCA 1992). There the police received an anonymous tip that Sapp and an unknown black male were involved in a drug sale inside a particular bar. The tipster indicated that Sapp was wearing a red tank top shirt. The tipster told police that she could see the two men passing cocaine between one another.
Officer Dowdy testified that he accompanied Officer Smith to the bar. As Smith went around the back, Dowdy observed Sapp, with whom he was familiar, walk out of the bar and get on a bicycle. Sapp was wearing a red tank top. As Sapp started to ride away, Dowdy ran after and detained him. Dowdy and another officer placed him up against the wall. The officer asked Sapp his name three times and each time Sapp *120 replied, “Leroy.” Sapp also reached for his waistband three or four times, each time the officers placed his hand back on the wall. The officer then patted along Sapp’s waistband beneath his shirt, felt the butt of a gun and arrested him. Officer Dowdy testified that when Sapp was first observed he was by himself. The officer did not observe him involved in any drug activity, nor were any drugs found in his possession. Dowdy confirmed that the police had received no information about Sapp being in possession of weapons.
The Second District Court of Appeal held that the tip was insufficient to justify the detention of Sapp, pointing out that the information provided by the anonymous tipster consisted only of details of identification and location which could have been obtained by anyone in the bar. The Court noted that there was no prediction of future behavior and that the only observations made by the officers which corroborated the anonymous tip were those of dress and location. The facts of this case are remarkably similar to those in Sapp and require the same conclusion.
The state argues that our recent decision in State v. J.L., 689 So.2d 1116 (Fla. 3d DCA 1997), requires an affirmance. The state quotes the concurring opinion of Judge Schwartz where he said: “[T]he cases seemingly recognize a ‘firearm exception’ to the rule that an anonymous tip which does not include predictive elements is insufficient to justify a Terry stop and frisk.” Id., at 1118. Presumably, the state asks us to extend the “firearm exception” to any kind of weapon. We do not reach that issue because the officer testified at the hearing on the motion to suppress that she did not remember whether the BOLO mentioned the existence of a weapon.
We reverse the trial court’s ruling denying the Appellant’s motion to suppress and remand this cause with instructions to grant the motion and discharge the Appellant.
Reversed and remanded.