PER CURIAM.
Ira E. Jenkins appeals the judgment and sentences entered against him after he pleaded nolo contendere to charges, while reserving the right to appeal thedenial of a motion to suppress which was dispositive of his case. We agree that the arresting officers did not have a founded or reasonable suspicion to have stopped Jenkins, hold that the subsequent search of Jenkins’ property was improper, and reverse.
Officer James Thomas of the Clearwater Police Department was on routine patrol when he heard a radio dispatch for two specific officers. The dispatcher indicated that a black male, who would soon to be leaving room 27 at the Budget Motel Inn on Cleveland Street, was in possession of a firearm and narcotics. Officer Thomas was aware that there was no Budget Motel on Cleveland Street. He called the dispatcher and asked to hear the recording of the informant’s voice. Officer Thomas perceived the voice of the caller to be that of a local, white, female prostitute named Kimberly. Although the *777 officer recognized Kimberly’s voice, she was not known to him to be a reliable informant. Officer Thomas was aware that Kimberly had a boyfriend she called Tony, whom he had previously seen on the streets.
The assigned officers first went to a hotel on Cleveland Street and then to a Budget Inn on Gulf-to-Bay Boulevard. The officers informed the dispatcher that the clerk at the second hotel had indicated that a black man had just left the hotel in a taxicab with some bags and a radio. Officer Thomas, who was located one block from the Budget Inn, saw a taxicab with Jenkins in the back seat and recognized him as “Tony,” the boyfriend of the informant. Officer Thomas followed the taxicab while Jenkins looked out the back window. He radioed for backup to join him and then signaled for the taxicab to pull over.
Officer Craig McGarry, one of the two officers the dispatcher had assigned to investigate the informant’s tip, was notified by radio that Officer Thomas had stopped a taxicab containing a black man known to that officer. Officer McGarry joined Officer Thomas and two other officers who had stopped the taxicab in which Jenkins had been riding. After some time passed, the taxicab driver stated he wanted to leave and placed Jenkins’ belongings on the sidewalk. Jenkins did not give the officers permission to search his property. Thereafter, a narcotics dog was called to the scene and alerted to one of Jenkins’ bags, which was searched. The officers located a quantity of crack cocaine and a .45 caliber Colt semi-automatic pistol in Jenkins’ property. None of the officers had observed Jenkins engaged in illegal activity at any time prior to the search.
This court has repeatedly held that an anonymous tip may furnish reasonable suspicion to justify an investigatory stop if independent police investigation has corroborated the anonymous information. See Fuller v. State, 658 So.2d 1202, 1203 (Fla. 2d DCA 1995); Sapp v. State, 592 So.2d 786, 787 (Fla. 2d DCA 1992); Powell v. State, 592 So.2d 785 (Fla. 2d DCA 1992). However, if the police receive a tip from someone of unestablished reliability and the tip has not been verified by independent police investigation of criminal activity, reasonable suspicion does not exist and the stop is illegal. See Fuller, 658 So.2d at 1203.
In the present case, the trial court erred when it denied the suppression motion because the police stopped Jenkins only because of inaccurate information given by his prostitute girlfriend. The officers had not observed him engaged in any criminal activity. The illegal police stop and the search that followed violated Jenkins’ right to be free from unreasonable search and seizure as guaranteed by the federal and state constitutions and by section 901.151, Florida Statutes (1995). Accordingly, we reverse the denial of the motion to suppress and remand with directions for the trial court to discharge Jenkins.
Reversed and remanded with directions.
NORTHCUTT, A.C.J., and GREEN and SALCINES, JJ., Concur.