ON CONFESSION OF ERROR

PER CURIAM.
The juvenile appellant argues, the state candidly confesses, and we agree that the drugs found on him should have been suppressed because his alleged consent, which was the only basis for the officer’s search of his person, was tainted by the fact that it occurred, without any intervening event, while he was unlawfully in custody after an arrest which was not based on probable cause. See Norman v. State, 379 So.2d 643 (Fla.1980); Scott v. State, 696 So.2d 1335 (Fla. 4th DCA 1997); Turner v. State, 674 So.2d 896 (Fla. 5th DCA 1996). Compare State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994), review denied, 654 So.2d 131 (Fla. 1995).
Accordingly, the order under review is reversed with directions to discharge the appellant.