PER CURIAM.
The State appeals an order of the Circuit Court of Alachua County which granted appellee’s motion to suppress certain evidence. We reverse.
Officer Jempson assisted other officers in the execution of a search warrant of a residence. Appellee was one of the people in the house when the officers entered it. The officers determined that appellee and others did not reside at the residence and were going to allow them to leave. At that point, appellee asked to go into the back bedroom to get his shoes, and Jempson accompanied him. Appellee put on his shoes and then grabbed a blue windbreaker jacket off the bed. As he did so, Jempson noticed that there was a bulge in the jacket and it swayed as if weighted down. Jemp-son took the jacket from appellee, fearing that there was a weapon in it, and felt it for a weapon. He felt no weapon but felt tablets that appeared to be some kind of drug tablets and asked appellee to remove the package from the jacket. When appel-lee did so, Jempson saw tablets, which, based on his experience, appeared to be quaaludes. Appellant contends the search was pursuant to a valid search warrant. Appellee raises no question as to the validity of the warrant but contends Jempson had no authority to search the jacket. We disagree.
The search warrant directs the search of the residence and curtilage thereof for methaqualone. The jacket, which was lying on the bed before appellant picked it up, was an article in the residence which was subject to search pursuant to the warrant. The quaaludes (methaqualone) were validly seized pursuant to the warrant.
REVERSED.
McCORD, ERVIN and SHAW, JJ., concur.