DELL, Judge.
The State of Florida appeals from an order granting appellee’s motion to suppress. The Oakland Park police executed a search warrant directing them to search a residence for cocaine, other narcotics and drug paraphernalia. After searching the second floor, which yielded cocaine and drug paraphernalia, the police observed a purse on a table. It belonged to appellee, a visitor on the premises. They searched the purse. Inside they found a wallet which contained appellee’s driver’s license and in the change compartment a gram of cocaine. The police arrested appellee and charged her with possession of cocaine. The trial court granted her motion to suppress which alleged that the search of her purse and wallet exceeded the scope of the warrant.
Appellant contends that the trial court erred in granting the motion to suppress because the search of appellee’s purse and wallet came within the scope of the warrant. We agree and reverse the order of suppression on the authority of State v. Levasseur, 411 So.2d 295 (Fla. 1st DCA 1982).
In Levasseur, police officers executed a search warrant for a residence. Levass-eur, a visitor in the house, asked for and was granted permission to leave. As he lifted his jacket off a bed, one of the officers noticed a bulge in the jacket pocket. Thinking it might contain a weapon, the officer took the jacket and felt it. The bulge proved to be quaalude tablets. The trial court suppressed the quaaludes on the basis that the search warrant did not au *99 thorize the police to search the jacket. The First District reversed and held:
The search warrant directs the search of the residence and curtilage thereof for methaqualone. The jacket, which was lying on the bed before appellant picked it up, was an article in the residence which was subject to search pursuant to the warrant. The quaaludes (methaqual-one) were validly seized pursuant to the warrant.
Id. at 296.
Appellee argues that Levasseur can be distinguished from the present case because the police searched the jacket thinking that it might contain a deadly weapon. We find no merit in this distinction because the validity of the search was upheld on the basis of the search warrant, not because it constituted a protective search.
Appellee did not have the purse in her immediate possession. Rather, like the jacket in Levasseur, it was an article in the residence capable of containing the items sought and described in the warrant. Therefore we hold the search of appellee’s purse came within the scope of the warrant to search the premises. See United States v. Johnson, 475 F.2d 977 (D.D.C.1973).
Accordingly, we reverse the order granting the motion to suppress and remand to the trial court for further proceedings.
REVERSED and REMANDED.
HERSEY, C.J., and WALDEN, J., concur.