721 So.2d 1192 (1998)
Robert WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3988.
District Court of Appeal of Florida, First District.
November 17, 1998.
*1193 Nancy A. Daniels, Public Defender, David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Mark C. Menser, Assistant Attorney General, Tallahassee, for Appellee.
MINER, Judge.
This is a timely appeal from judgment and sentence following appellant's plea of nolo contendere. The appellant specifically reserved the right to appeal the trial court's denial of his motion to suppress. We reverse.
Just past midnight on March 12, 1997, the Gainesville Police Department received an anonymous tip that the driver of a maroon Ford was "possibly intoxicated and driving from house to house." Arriving in the specified area within five minutes of receiving the tip, the arresting officer immediately spotted a maroon Ford, which was being driven by appellant. After following the appellant for no more than a block, the officer observed the appellant turn on to a side street and then immediately into a driveway. The officer pulled in behind appellant, activated his lights, and ordered appellant out of his vehicle. At the hearing on the motion to suppress the evidence seized from appellant's car, the officer testified that he had not observed any suspicious or criminal activity which would have warranted his stopping appellant. The court denied the motion on the ground that appellant's actions sufficiently corroborated the tip and thus provided the requisite reasonable suspicion for an investigative stop.
With regard to a motion to suppress, we review a trial court's factual findings to determine whether they are supported by competent substantial evidence; however, review of the trial court's application of the law to the facts is de novo. Butler v. State, 706 So.2d 100 (Fla. 1st DCA 1998).
An anonymous tip may provide reasonable suspicion to permit a stop. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). However, unlike information from citizen informants which is presumed reliable, see State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997), information provided anonymously must first be independently corroborated. Butts v. State, 644 So.2d 605, 606 (Fla. 1st DCA 1994), review denied, 659 So.2d 272 (Fla.1995). The facts in this case do not support a finding that the officer had an articulable suspicion of criminal activity. The officer observed nothing that indicated the driver was impaired. Further, the information provided in the anonymous tip was no *1194 more descriptive than that which "could have been provided by any pilgrim on the highway," Robinson v. State, 556 So.2d 450, 452 (Fla. 1st DCA 1990), and there was no corroboration of any criminal activity. Thus it was error to deny the motion to suppress. The case is reversed, and the defendant's conviction and sentence are vacated.
ERVIN and KAHN, JJ., concur.