PER CURIAM.
Robert J. Morse, III timely appeals the dispositive order denying his motion to suppress evidence. Morse pled no contest to possession of marijuana, cocaine, and paraphernalia, reserving his right to appeal. We reverse.
At the hearing on the motion to suppress the following testimony was adduced. Sergeant Doyle Springfield of the Dade City Police Department testified that he was on motor patrol in Dade City, Florida, on December 13, 1996, around 12:00 a.m. His radio dispatcher relayed an anonymous tip stating that a white male with dark hair and beard was smoking illegal drugs in a tan Ford sedan located in the parking lot of Majestic Oaks Apartment complex. Sergeant Springfield arrived at the apartment complex in approximately one minute and noticed a person and vehicle fitting the description exiting the parking lot.
The two vehicles passed each other in close proximity in the driveway leading to the complex parking lot. Sergeant Springfield testified that the driver drove away, using his overdrive or passing gear. The sergeant then turned in pursuit and stopped the vehicle within a short distance. The driver, Mr. Morse, was unable to produce a driver’s license on demand. Sergeant Springfield did a field interview report, warrants cheek, driver’s license check, and issued Mr. Morse a citation for failure to exhibit a driver’s license on demand. Sergeant Springfield also called for a K-9 officer to check out Morse’s car.
A second officer arrived on the scene with a K-9 dog and asked Morse if he had narcotics in his vehicle. Morse answered that he did have narcotics in the car and retrieved them for the officers. A marijuana roach, small pipe, and cocaine were seized resulting in the arrest.
The trial judge indicated that the anonymous tip, without corroboration, would have required a different ruling, however, the officer was justified in stopping Mr. Morse because he used his overdrive or passing gear. Sergeant Springfield testified, however, that the stop was made solely based upon the anonymous tip. He never testified that Morse committed a moving traffic violation or that his manner of driving corroborated the anonymous tip.
On cross-examination, Sergeant Springfield testified as follows:
Q. And when you first observed this tan Ford car with Mr. Morse in it, did you observe any illegal criminal activity, at that point in time?
A No, I did not.
Q. And, officer, the reason why you stopped Mr. Morse’s car was to conduct an FIR report, correct?
A That was not the sole reason that I stopped him, no, sir.
Q. There was another reason?
A Yes, sir.
Q. What was the other — what was the other reason?
A I was responding to a complaint [in] reference to an illegal drugs being consumed in the parking lot, and the tan Ford vehicle — and was driving a tan Ford vehicle — exiting the parldng lot that I was entering, within seconds of the time I got the call.
Q. Any other reason why you stopped him?
A No, sir.
Sergeant Springfield’s traffic stop was not based upon a moving traffic violation observed by the officer but was solely based on an anonymous tip, with no corroboration of the alleged illegal activity. This case is similar to that of Williams v. State, 721 So.2d 1192 (Fla. 1st DCA 1998), where a Gaines-ville police officer stopped a driver based upon an anonymous tip that the driver was possibly intoxicated and driving from house to house. The court stated that an anonymous tip may provide reasonable suspicion to justify a stop, however, unlike information provided by citizen informants which is presumed to be reliable, information provided anonymously must be corroborated independently. See Williams, 721 So.2d at 1193.
*354 Since there was no independent corroboration of the information in the anonymous tip, it was error to deny the motion to suppress. We reverse and remand.
REVERSED and REMANDED.
PATTERSON, A.C.J., and BLUE and GREEN, JJ., Concur.