855 So.2d 662 (2003)
STATE of Florida, Appellant,
v.
Amy R. HENDRIX, Appellee.
No. 1D02-1986.
District Court of Appeal of Florida, First District.
September 10, 2003.
Rehearing Denied October 3, 2003.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, Attorneys for Appellant.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, Attorneys for Appellee.
*663 BOOTH, J.
The State appeals a non-final order granting Appellee's motion to suppress evidence of methamphetamine found during a search of Appellee's purse. The search was carried out by special agents with the Florida Department of Law Enforcement (FDLE) pursuant to a search warrant directed to a residence owned by a third party and based on the existence of probable cause to believe that the residence contained items involved in the distribution of methamphetamine as well as records, cash, scales and other paraphernalia.
A confidential informant reported seeing "two skinny white females" smoking methamphetamine inside the house and at least two handguns on the living room floor. When officers arrived at the scene to execute the warrant, they saw Appellee, carrying a purse, standing in the front yard of the residence. The officers announced themselves, secured the area by ordering everyone, including Appellee, inside the residence, and did a pat-down search of everyone for safety because the guns were still visible inside the house. Once inside the house, Appellee sat next to her purse. An officer did a pat-down of Appellee and searched her purse, finding methamphetamine.
The trial court granted Appellee's motion to suppress, holding that Appellee had an expectation of privacy in her purse and that there was no evidence of any suspicion of criminal activity on Appellee's part except for her presence on the property at the time of the search. At issue in this case is whether the trial court's suppression of the methamphetamine was proper.
On appeal, a ruling on a motion to suppress is presumed correct. However, the appellate court must decide for itself whether the facts relied on by the trial court support its legal conclusions. State v. Wikso, 738 So.2d 390, 391 (Fla. 4th DCA 1999). Therefore, the appellate court reviews a trial court's factual findings to determine whether they are supported by competent, substantial evidence; review of the trial court's application of the law to the facts is de novo. Williams v. State, 721 So.2d 1192, 1193 (Fla. 1st DCA 1998).
In State v. Levasseur, 411 So.2d 295 (Fla. 1st DCA 1982), the defendant was a visitor to a house that was the subject of a search warrant for quaaludes. He asked permission to leave. The defendant picked up his windbreaker jacket off the bed, and the officer noticed a bulge in its pocket. The officer took the jacket from the defendant, fearing the defendant was carrying a weapon. Instead of finding a weapon, the officer found drug tablets, which he asked the defendant to remove. The officer recognized the tablets as quaaludes. This Court held that the jacket was an article in the residence subject to a search warrant for quaaludes, therefore, the tablets were validly seized pursuant to the warrant.
Similarly, in State v. Richards, 487 So.2d 98 (Fla. 4th DCA 1986), the State appealed an order granting a motion to suppress. The officers began searching the second floor and found a purse on a table, which belonged to a visitor on the premises. The officers searched the purse and found cocaine. The trial court found that the search of the purse exceeded the scope of the warrant. The appellate court disagreed because the defendant did not have the purse in her immediate possession, holding that the purse came within the scope of the warrant to search the premises. In both Richards and Levasseur, the contraband was found pursuant to a valid search warrant.[1]
*664 Here, the officers had authority to detain Appellee based on the search warrant and based on her presence on the premises earlier and at the time of the search. See Zaner v. State, 444 So.2d 508 (Fla. 1st DCA 1984). The officer also had reasonable suspicion to detain Appellee and search her purse. Appellee matched the general description by the confidential informant of one of the women seen smoking the methamphetamine. In addition, although situated beside Appellee, Appellee's purse was within easy reach of any of the other occupants of the residence after Appellee and the others had been directed inside the residence by the officers. Given the handguns visibly present in the house, the officers had reasonable suspicion that the purse might contain a weapon.
Accordingly, we hold the trial court erred in granting Appellee's motion to suppress. We reverse and remand this case for further proceedings.
REVERSED and REMANDED.
VAN NORTWICK and HAWKES, JJ., Concur.
NOTES
[1] The validity of the search warrant in this case is not at issue. The trial court found Appellee had no standing to challenge the sufficiency of the warrant.