578 So.2d 437 (1991)
Cornell WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1586.
District Court of Appeal of Florida, First District.
April 18, 1991.
Ted A. Stokes, Milton, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
The defendant appeals from his conviction and sentence for possession of cocaine. He asserts two points on appeal: (1) Whether the trial court erred in denying appellant's motion to suppress, and (2) whether the trial court erred in sentencing appellant as a habitual felony offender where the appellant's prior convictions all *438 occurred on the same day. We affirm as to issue I and reverse as to issue II.
The appellant pled nolo contendere to possession of cocaine and expressly reserved the right to appeal the denial of his motion to suppress.
On December 16, 1989, police officer Bruce Camacho was apprised by an unknown citizen that appellant was selling crack cocaine at George's Liquor Store. The citizen pointed out the appellant and left. The officer stated that when he approached appellant he appeared fidgety and apprehensive, but appellant was not doing anything that would cause the officer to be suspicious of criminal activity.
The officer asked the appellant several questions. The officer then conducted a protective frisk because the appellant was wearing bulky clothing and because many narcotics dealers are armed. The officer admitted that he had no other evidence that the appellant might be armed. The frisk revealed no evidence of narcotics or weapons. Sometime prior to the frisk, appellant had laid his gloves on the back of the police cruiser. After the frisk, the officer picked up the gloves to return them to the appellant. Crack cocaine fell out of the gloves onto the ground. The officer stated that the cocaine was discovered as a result of the stop and not as a result of the frisk. It is this cocaine that appellant sought to suppress.
In reviewing a denial of a motion to suppress evidence, we must view the evidence in the light most favorable to sustain the trial court's ruling. Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990). The appellant correctly states that an officer needs an articulated reasonable suspicion to conduct a stop and frisk under the Florida stop and frisk law. State v. Webb, 398 So.2d 820 (Fla. 1981); State v. Hetland, 366 So.2d 831 (Fla. 2nd DCA 1979), affirmed, Hetland v. State, 387 So.2d 963 (Fla. 1980). In addition, such a reasonably articulated suspicion may only be based on an anonymous tip if it is determined that the tip is sufficiently reliable based on corroborating circumstances or the nature of the information given within the tip itself. Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990). In the instant case, it is not necessary for us to determine the validity of the frisk which was conducted.
An officer does not need a founded suspicion to address questions to a citizen on the street. State v. Starke, 574 So.2d 1214 (Fla. 2nd DCA 1990); State v. Davis, 543 So.2d 375 (Fla. 3rd DCA 1989). Such an encounter is considered to be consensual unless the officer attempts to prevent the citizen from exercising his right to walk away. State v. Wilson, 566 So.2d 585 (Fla. 2nd DCA 1990).
In the instant case, there is no evidence that the defendant was detained or frisked prior to placing his gloves on the police cruiser. In addition, there is no evidence that the defendant was forced to place his gloves on the cruiser by the officer or that the gloves were placed on the cruiser as a result of the officer's request to frisk the defendant. The officer did not search the gloves. It is unnecessary, therefore, to address the validity of the frisk, as the record is totally devoid of any evidence that the officer's discovery of the cocaine was as a result of the alleged illegal frisk. Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), affirmed, 329 So.2d 270 (Fla. 1976).
Taking the evidence in the light most favorable to the state, it appears that the evidence was not discovered as a result of illegal conduct or activity on the part of the police and, therefore, the court did not err in denying the motion to suppress. Sheff, supra.
As to issue II, in light of this court's recent ruling in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), we determine that the trial judge erred in finding appellant to be a habitual felony offender since all of his prior convictions had been entered on the same date. As in Barnes, we do, however, certify the following question as one of great public importance:
WHETHER SECTION 775.084(1)(a)1, FLORIDA STATUTES (SUPP. 1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO *439 HAVE "PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES," REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
We affirm the trial court's ruling on the motion to suppress, but vacate the sentence and remand to the trial court for resentencing.
BOOTH and ZEHMER, JJ., concur.