QUINCE, Judge.
Gregory Nealy appeals the trial court’s denial of his motion to suppress. Because there was no founded suspicion justifying the stop, we reverse.
Nealy was charged by information with possession of cocaine with intent to deliver. He filed a motion to suppress, which was denied by the court. Nealy pled nolo conten-dere reserving the right to appeal the denial of the motion to suppress.
On May 20, 1993, at 4:30 p.m., Officers Ronald Wayne McMullen and Stanley Ray Brickhouse were on patrol in the area of the Honky Tonk Bar in Hillsborough County. They observed two black males standing next to an open Corvette. The officers began to approach them based on a “trespass affidavit” [1] signed by the owner of the bar, which purported to allow police officers to approach anyone standing on the owner’s property. As the officers approached, they saw the two males looking inside a white shirt. They saw something drop from Nealy’s hand onto the floor of the car. Nealy then tossed the shirt into the back of the car, and he closed and locked the vehicle. The officers never saw an exchange of money or drugs.
Nealy began to walk away from the ear. The officers asked what was going on. Because they felt Nealy was not forthcoming or truthful, they detained both persons. Nealy and the other male were separated and given Miranda[2] warnings. Nealy was told the officers were going to call in a K-9 unit to check the car for drugs. Nealy said a K-9 unit was not necessary and signed a consent to search form. Twenty-four pieces of rock cocaine were found in the vehicle.
Under these circumstances the trial court erred in denying Nealy’s motion to suppress because the officers did not have a well-founded suspicion of criminal activity. He argues and the state agrees an officer may temporarily detain a citizen if there is a well-founded suspicion that the person has committed, is committing or is about to commit a crime. See § 901.151, Fla.Stat. (1991); Popple v. State, 626 So.2d 185 (Fla.1993); State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). A founded suspicion is one that has some foundation in circumstances observed by the officers and interpreted in light of the officer’s knowledge. Brown v. State, 636 So.2d 174 (Fla. 2d DCA 1994); Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983). A mere or bare suspicion is not sufficient. Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1980).
The officers in this case had only a bare suspicion of criminal activity. Although a police officer does not need a founded suspicion to address questions to a citizen, such an encounter becomes nonconsensual when the officer prevents the citizen from exercising his right to walk away. Watts v. State, 578 So.2d 437 (Fla. 1st DCA), quashed in part on other grounds, 595 So.2d 19 (Fla.1992); Hill v. State, 561 So.2d 1245 (Fla. 2d DCA 1990). The activities in the instant case did not give rise to a well-founded suspicion needed to justify a stop and detention. The officers interfered with Nealy’s liberty based on conduct which was also consistent with noncriminal activity.
These activities may have aroused the officers’ suspicion; however, a hunch even based on an officer’s experience cannot be the basis for an investigatory stop. Since the stop of Nealy was unlawful, his consent to search resulting from that unlawful detention was not voluntary. Mitchell v. State, 558 So.2d 72 (Fla. 2d DCA 1990). Evidence seized as a result of involuntary consent must *1177 be suppressed. Hills v. State, 629 So.2d 152 (Fla. 1st DCA 1993), rev. denied, 639 So.2d 981 (Fla.1994).
We reverse and remand with instructions to grant the motion to suppress and discharge Nealy.
FRANK, C.J., and RYDER, J., concur.

. There is nothing in the record indicating Nealy or the vehicle was on property owned by the bar. In any event, the "trespass affidavit” did not give the officers any greater latitude than the Constitution would permit in a police-citizen encounter.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).