ORFINGER, J.
After reserving the right to appeal the trial court’s denial of his motion to suppress, Joseph Lugo pled no contest to possession of a controlled substance. He contends that the court should have suppressed the evidence discovered following an illegal detention. We agree, and remand with directions to discharge Lugo.
During a crowded special event in Daytona Beach, Lugo was walking with a group of men on the sidewalk along Highway A1A while Officer Cerce, a Daytona Beach police officer, directed traffic in the middle of the five-lane roadway. Officer Cerce noticed that the group of men, including Lugo, were holding red plastic cups. Lugo held his cup down by his leg, and Officer Cerce observed Lugo changing paths in the crowd, apparently in an effort to avoid him. Officer Cerce crossed the street, grabbed Lugo’s arm, and asked Lugo what was in the cup. Lugo told the officer that he was drinking Hennessy, and Officer Cerce responded by arresting Lugo for a violation of the city’s open container law. During a search incident to arrest, Officer Cerce discovered a small bag of pills, later identified as methylene-dioxymethamphetamine (“MDMA”), also known as Ecstasy.
Although the evidence presented at the suppression hearing was disputed, the trial court found that Officer Cerce grabbed and detained Lugo before questioning him. Nonetheless, the trial court determined that Officer Cerce had a reasonable basis to detain Lugo because
upon seeing the officer[, Lugo] tried to conceal the cup and walk away or walk way around the officer. In other words, the officer indicated he deviated from the course that he appeared to be on, and in the officer’s mind was trying to bypass the officer, rather than go close to him....
In cases charging only possession of contraband, orders denying the suppression of contraband are presumptively dispositive for purposes of appeal. Ruiz v. State, 416 So.2d 32, 33 (Fla. 5th DCA 1982) (citing Sommers v. State, 404 So.2d 366, 369 n. 2 (Fla. 2d DCA 1981)). On review, we accept the trial court’s determination of disputed facts considered at the suppression hearing, provided such conclusions are founded on competent, substantial evidence. Lee v. State, 868 So.2d 577, 579 (Fla. 2d DCA 2004); see Holden v. State, 877 So.2d 800, 801 (Fla. 5th DCA 2004). However, the trial court’s application of the law to the facts is reviewed de novo. Leary v. State, 880 So.2d 776, 777 (Fla. 5th DCA 2004); Lee v. State, 868 So.2d 577, 579 (Fla. 2d DCA 2004).
An individual may not be detained by $ police officer unless the officer has a well-founded suspicion that criminal activity is afoot. Popple v. State, 626 So.2d 185, 187-88 (Fla.1993); Young v. State, 803 So.2d 880, 883 (Fla. 5th DCA 2002); Brown v. State, 687 So.2d 13, 15 (Fla. 5th *951 DCA 1996). A well-founded suspicion is one that has some foundation in circumstances observed by the officers, interpreted in light of the officer’s knowledge. Brown, 687 So.2d at 15; State v. Hopkins, 661 So.2d 937, 938 (Fla. 5th DCA 1995); Nealy v. State, 652 So.2d 1175, 1176 (Fla. 2d DCA 1995).
A well-founded suspicion is based on the totality of the circumstances, which existed at the time of the stop, and is premised solely on the facts known to the officer before the stop. Travers v. State, 739 So.2d 1262, 1263 (Fla. 2d DCA 1999). Bare suspicion, or a mere hunch or guess, that criminal activity is occurring is not enough to justify a detention. See Hopkins, 661 So.2d at 938; Nealy, 652 So.2d at 1176. Further, simply acting nervous or fidgeting does not provide a reasonable suspicion for an officer to detain an individual. Hoover v. State, 880 So.2d 710, 712 (Fla. 5th DCA 2004).
On appeal, Lugo argues that his motion to suppress should have been granted because Officer Cerce did not have reasonable suspicion to detain, and subsequently arrest him for the open container violation. The evidence demonstrates that Lugo’s cup was opaque, and the appearance of alcohol was not visible to the officer. Further, Lugo asserts that avoiding a police officer is not an action that by itself, creates reasonable suspicion that would permit an officer to detain someone. The State responds that reasonable suspicion is determined by looking to the totality of the circumstances, and that based on the facts of this case, the stop was justified.
The right to be let alone is the most comprehensive of rights and the right most valued by civilized men. Olmstead v. U.S., 277 U.S. 438, 478, 48 S.Ct. 564, 72 L.Ed. 944 (1928) (Brandéis, J., dissenting). Here, the record reflects that Lugo was walking down a crowded sidewalk-maneuvering around other pedestrians to distance himself from Officer Cerce — while holding an opaque plastic cup. Lugo did not exhibit any type of drunken behavior to suggest he was impaired or being disorderly. Yet, these circumstances alone provoked Officer Cerce to walk across the street and detain Lugo by grabbing his arm. Such a detention was only based on a hunch, and nothing more. A hunch does not rise to the level of suspicion needed to detain an individual. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Absent the illegal detention, Officer Cerce would have had no basis to arrest Lugo for the open container violation and the search would not have occurred. Consequently, the trial court’s order denying the motion to suppress the evidence is reversed.
REVERSED AND REMANDED.
PLEUS and TORPY, J.J., concur.