EDWARDS, J.
Appellant, N.J., a fifteen-year-old child, appeals the disposition order in which he was found to be delinquent for possessing less than 20 grams of marijuana. N.J. argues that the trial court erred in denying his motion to suppress the fruits of an illegal search. The evidence adduced at trial and the applicable law do not support the trial court's conclusion that the search was incidental to a consensual encounter between Appellant and Deputy Hawthorne. Accordingly, we reverse.
On the evening of April 30, 2018, Appellant and two of his teenaged friends were walking down a sidewalk. Deputy Hawthorne, on foot patrol in the area, approached them and told them to stop. They did not. Appellant said, loud enough for Deputy Hawthorne to hear, words to the effect that he did not have to stop. Deputy Hawthorne continued walking towards them and told them either one or two more times to stop; they finally did. When one of the young men asked why they were in trouble, the deputy said he was only trying *1272 to put names with faces, that nobody said they were in trouble. Deputy Hawthorne explained that many people in the area were on probation and could be violating the terms of their probation. He told the teens that they were not under arrest but were being detained. He then segued into asking each of the young men in turn if he had been arrested or was on probation. Appellant's friends, who were not on probation, were told they were free to go only after they answered all of Deputy Hawthorne's questions.
Deputy Hawthorne's hunch that some people in the area were violating their probation-related curfews proved correct as to Appellant. He admitted that he was on probation, but denied knowing he missed his 6:00 p.m. curfew as he did not know the current time. Deputy Hawthorne then handcuffed Appellant and placed him in the back of his squad car. The deputy phoned Appellant's mother and told her that her son had violated his curfew and was not at home as she believed. Video and audio from the deputy's body camera was introduced in evidence. Up to this point in the sequence of events, Deputy Hawthorne had not said anything about marijuana.
Next, the deputy had Appellant exit the squad car so that he could search him before taking him to the juvenile facility for processing. In the course of this search, Deputy Hawthorne found two cigarette lighters and the burnt remains of a marijuana cigarette, a/k/a a roach, in Appellant's pocket. After the deputy returned Appellant to the squad car, the deputy once again phoned Appellant's mother and, on the second call, mentioned that her son had weed in his possession.
Appellant filed a pre-trial motion to suppress the marijuana which the trial court initially denied as legally insufficient.[1] Appellant's counsel throughout the adjudicatory hearing repeatedly argued that the marijuana had been illegally seized as it was not a consensual encounter, and that the deputy lacked any reasonable suspicion to believe that Appellant or the two other teens had committed, were committing, or would soon be committing any crime. Before the adjudicatory hearing ended, the trial court denied the motion to suppress and ruled that it was a consensual encounter between the deputy and the three teenagers that led to the discovery of the contraband in Appellant's pocket. At the conclusion of the hearing, the court found Appellant delinquent for possessing 20 grams or less of marijuana and in violation of probation. At the disposition hearing, the trial court placed Appellant on probation for eighteen months or until age nineteen. Appellant timely appealed.
ANALYSIS
We consider whether, as found by the trial court, there was a consensual encounter between Appellant and Deputy Hawthorne, which would support the denial of Appellant's motion to suppress.
"During a consensual encounter, a citizen may voluntarily comply with a police officer's requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked." Popple v. State , 626 So.2d 185, 186 (Fla. 1993). "[A] significant identifying characteristic of a consensual encounter is that the officer *1273 cannot hinder or restrict the person's freedom to leave or freedom to refuse to answer inquiries, and the person may not be detained without a well-founded and articulable suspicion of criminal activity." Id. at 187-88. A consensual encounter does not exist where a police officer attempts to prevent a citizen from walking away. Watts v. State , 578 So.2d 437, 438 (Fla. 1st DCA 1991). What otherwise might have been a consensual citizen encounter becomes an investigatory stop once an officer shows authority in a manner that restrains the defendant's freedom of movement such that a reasonable person would feel compelled to comply. Koppelman v. State , 876 So.2d 618, 620 (Fla. 4th DCA 2004). "[A] person is seized if, under the circumstances, a reasonable person would conclude that he or she is not free to end the encounter or depart." Popple , 626 So.2d at 188.
Under the controlling law set forth above, the facts of this case do not support a finding that this was a consensual citizen encounter. The teens did not stop when first ordered to do so by Deputy Hawthorne; in fact, Appellant loudly announced that he did not have to stop. The group only stopped after the second order from Deputy Hawthorne, whose specific testimony was that he gave the teens a lawful order to stop and detained them. Appellant was not free to ignore the deputy. Nor would any reasonable person in Appellant's position have believed that he was free to go.
Because the only basis offered by the trial court for its order denying the motion to suppress was its finding that this was a consensual encounter, we are compelled to reverse, as this was not a consensual encounter. Although the State alternatively argued in the trial court and on appeal that Deputy Hawthorne's seizure and search of Appellant were justified under Terry v. Ohio , 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), we will not speculate as to how the trial court might have ruled on that issue, as it would require the evaluation of witness credibility in the midst of arguably inconsistent testimony that was not conclusively supported by other evidence.[2] Accordingly, we reverse the disposition order finding Appellant delinquent for possessing 20 grams or less of marijuana and in violation of probation. We remand this matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
COHEN and LAMBERT, JJ., concur.

The written motion laid out the facts in some detail and contained a rather general discussion of search and seizure law; however, the trial court commented that there was no attempt made in the motion to apply the law to the specific facts.

See A.T. v. State , 93 So.3d 1159, 1161 (Fla. 4th DCA 2012), and Robinson v. State , 976 So.2d 1229, 1233 (Fla. 2d DCA 2008), which hold that where a police officer smells the odor of marijuana emanating from a group of people, but where the odor is not associated with any specific individual, the officer lacks reasonable suspicion to perform an investigatory stop of any member of the group.